PATTERSON *v.* MERCER AND ANOTHER.

ABATEMENT.—As a general rule, the defense of another action pending being matter in abatement, must be pleaded before defenses in bar are filed.

SAME.—The court, in the exercise of a sound discretion, upon proper cause shown, may allow pleadings in bar to be withdrawn, and pleas in abatement to be filed.

SAME.—Where the record is silent as to the withdrawal of a plea in bar and filing of a plea in abatement, the presumption is in favor of the ruling of the court below.

SAME.—That "the defendant's counsel thought the last answer best suited to meet the facts," is not a sufficient reason for withdrawing answer in bar and filing answer in abatement.

APPEAL from the *Delaware* Circuit Court.

DAVISON, J.—This was an action by the appellant, who

was the plaintiff, against *Wm. Mercer* and *Calvin McRea,* commenced in the *Grant* Circuit Court to recover nine reapers and mowers. The complaint is in the usual form. Defendant answered: 1. That the property, previous to the commencement of this suit, had been replevied from one *Noah Harris,* and was then in the hands of the defendants who held the same, by virtue of a writ, then in the hands of said *McRea,* as sheriff of *Grant* county. 2. That the property described in the complaint was and is the property of said *Mercer.* 3. Defendants deny, specifically, each and every allegation in the complaint.

At the *August* term, 1861, the plaintiffs applied for and obtained a change of venue to the *Delaware* Circuit Court; and the cause, pursuant to said change, having been transferred to said court, was at the *October* term thereof, 1861, continued.

There is a bill of exceptions which shows that, at the *April* term, 1862, the defendants asked and obtained leave to withdraw the several paragraphs of their answer, and file the following:

"For answer in abatement, the defendants say that *Mercer,* before the commencement of this action, had commenced a suit against one *Noah Harris* to recover the identical property named in the plaintiff's complaint; that the property was taken by virtue of the writ issued against *Harris,* which property, at the time this suit was commenced, and at the time the same was so levied on by the officer having the writ issued in this cause, was held by the defendants by virtue of the writ issued against *Harris;* wherefore they ask that this suit be abated," etc. This answer is verified by affidavit. There was no reason given for the withdrawal of the original answer, and the filing of the answer in abatement, save the one statement of the defendant's counsel, that he thought the answer last offered best suited to meet the facts. Plaintiff objected to the change in the answer on the ground that no sufficient reason was given therefor; but his objection was

overruled and he excepted. He then demurred to the answer, which demurrer was also overruled, and he again excepted. But having failed to withdraw his demurrer or make further answer to the complaint, the court dismissed the suit, etc.

As a general rule, the defense of another action pending, being matter in abatement, must be answered before defenses in bar are filed. 21 Ind. 190; 19 *Id.* 44. The court, however, may, in the exercise of a sound discretion, upon proper cause shown, allow pleadings in bar to be withdrawn and pleas in abatement to be filed, and if the record is silent as to such withdrawal and filing, we may presume in favor of the ruling; but here the only reason for the action of the court is stated; namely, "that defendant's counsel thought the last answer best suited to meet the facts." This reason alone we deem insufficient, and must, therefore, hold that the discretion of the court, in allowing the filing of the answer in abatement, was improperly exercised.

*Per Curiam.*—Judgment reversed, with costs.

*Walter March*, for appellant.

*J. Brownlee*, for appellees.