The Commonwealth v. Johnson.

CASE 103—INDICTMENT—JUNE 29.

## The Commonwealth v. Johnson.

APPEAL FROM JEFFERSON CIRCUIT COURT.

1. So much of the General Statutes as declares that only white persons. are competent jurors is unconstitutional.

2. The 1st section, article 14, of the Constitution of the United States, provides that no state shall make or enforce any law which "denies to any person the equal protection of the laws."

3. The statute, in so far as it prohibits ministerial officers from summoning or selecting persons of color on juries is in direct violation of the Fourteenth Amendment to the Constitution of the United States.

P. W. HARDIN, ATTORNEY GENERAL, FOR APPELLANT.

W. L. JACKSON FOR APPELLEE.

JUDGE COFER DELIVERED THE OPINION OF THE COURT.

Our statute provides that "no person shall be qualified to serve as a grand juryman unless he be a white citizen and a housekeeper of the county in which he may be called to serve, and over the age of twenty-one years;" and that "no person shall be a competent juryman for the trial of criminal, penal, or civil cases in any court unless he be a white citizen, at least twenty-one years of age, a housekeeper, sober, temperate, discreet, and of good demeanor."

In the recent case of Strauder v. The State of West Virginia (100 U. S. 8., 303), the Supreme Court of the United

States held that a state law which excluded all colored persons from service on juries is unconstitutional, and a judgment of a state court convicting the plaintiff in error of the crime of murder, and which had been affirmed by the Supreme Court of the state, was reversed on the sole ground that the statute excluding negroes from juries is in conflict with that part of section 1 of the Fourteenth Amendment of the Constitution of the United States which forbids any state to "deny to any person within its jurisdiction the equal protection of the laws."

That case is exactly analogous to this; and if the decision of the Supreme Court in that case is to be recognized by this court as an authoritative and binding exposition of the constitution, we must hold so much of our statute as declares that only white persons are competent jurors is unconstitutional.

The judicial power of the United States extends to all cases in law and equity arising under the constitution, the laws of the United States, and treaties made under their authority.

This case involves a question arising under the Constitution of the United States. The appellee claims that he is deprived by a statute of the state of a right secured to him by the Constitution of the United States; and in the event we decide against his claim of right, the Supreme Court of the United States has revisory power over our judgment by appeal or writ of error.

In such a case it seems to us clear that we are concluded by the decision we have cited, and others to the same effect made about the same time, and that it is wholly unnecessary to enter into any discussion of the question. (Cooley's Con. Lim., pp. 14 and 361, 4th edition; Bank of the U. S. v.

Norton, 3 A. K. Mar., 423; Smoot v. Lafferty, 2 Gillman, 383.)

We therefore hold that so much of our statute as excludes all persons other than white men from service on juries is unconstitutional, and that no person can be lawfully excluded from any jury on account of his race or color.

This question has not been heretofore passed on by this court, and as the duty of selecting and summoning jurors is devolved upon merely ministerial officers, we ought to assume that, in performing their duties, they obeyed the statute as enacted by the legislature, and that they excluded colored persons from the jury because the statute declared them to be incompetent, and consequently that the appellee was deprived by the statute of a right which the Supreme Court holds is secured to him by the constitution.

But the word white, as found in our jury laws, being now declared to be no part of that law, it will be incumbent on all officers charged with the duty of selecting or summoning jurors, to make their selections without regard to race or color; and when jurors are hereafter selected and summoned, it ought to be presumed that the officers did their duty, and ignored the statute so far as it is herein held to be unconstitutional, and that they have not excluded any person from the jury on account of his race or color.

We do not mean, however, to be understood to say that a negro cannot be lawfully indicted and tried unless the jury is composed in part of persons of his own race. All we decide is, that such persons must not be excluded because of their race.

*In re* Commonwealth of Virginia (100 U. S. S., 6339), the prisoners, who were negroes, moved that the venire, composed entirely of white men, should be modified so as to,

allow a part thereof to be composed of men of their own race. The motion was denied. The laws of Virginia, in prescribing the qualification of jurymen, make no discrimination on account of race or color.

The Supreme Court, in commenting on the action of the state court in refusing to allow the motion of the prisoners, used this language:

"Nor did the refusal of the court and of the counsel for the prosecution to allow a modification of the venire, by which one third of the jury, or some portion of it, should be composed of persons of the petitioner's own race, amount to any denial of a right secured to them by any law providing for the equal civil rights of citizens of the United States. The privilege for which they moved, and which they also asked from the prosecution, was not a right given or secured to them or to any person by the law of the state, or by any act of Congress, or by the Fourteenth Amendment of the Constitution.

"It is a right to which every colored man is entitled, that in the selection of jurors to pass upon his life, liberty, or property, there shall be no exclusion of his race and no discrimination against them because of their color. But this is a different thing from the right which it is asserted was denied to the petitioners by the state court, viz: a right to have a jury composed in part by colored men. A mixed jury in a particular case is not essential to the equal protection of the laws, and the right to it is not given by any law of Virginia, or by any Federal statute. It is not therefore guaranteed by the Fourteenth Amendment, or within the purview of section 641" (of the Revised Statutes of the United States).

Nor does the Fourteenth Amendment contemplate any other restriction upon the power of the state to prescribe the qualifications of jurors, except to inhibit a disqualification on account of race or color.

"We do not say," says the Supreme Court in Strauder v. West Virginia, "that within the limits from which it is not excluded by the amendment, a state may not prescribe the qualifications of its jurors, and in so doing make discriminations. It may confine the selection to males, to freeholders, to citizens, to persons within certain ages, or to persons having certain educational qualifications."

All the qualifications and disqualifications prescribed by our statute, except the disqualification based on race or color, are therefore to be regarded as still in force, and jurymen should be selected alone with reference to them.

Judgment affirmed.