MAJOR HICKS *v.* COMMONWEALTH.

[Kentucky Law Reporter, Vol. 3—87.]

**Criminal Law—Change of Venue.**

When an application is made for a change of venue in a criminal case it is the duty of the court to hear evidence produced, and from the evidence determine whether the applicant is entitled to a change of venue.

APPEAL FROM KENTON CRIMINAL COURT.

June 25, 1881.

OPINION BY JUDGE HINES:

Appellant, a negro, was indicted for and convicted of killing a white man, and sentenced to death. On this appeal it is complained, first, that the court erred in refusing a change of venue, and second, that the court erred in refusing to quash the indictment and to sustain a challenge to the panel because there was no negro nor colored person on the jury, and that such persons had been excluded on account of color.

As to the first point, by 1 Acts 1879, p. 61, Ch. 698, it is provided that on an application for a change of venue the court shall hear all evidence produced by either party, and from the evidence determine whether the applicant is entitled to a change of venue. The evidence introduced on the trial of these motions sustained the conclusion of the court below that a fair and impartial trial could be had in the county where the offense was committed and where the indictment was pending.

Unless, in the selection of the jury, persons were excluded on account of race or color, appellant has no right to complain, as it appears from the record that he had a fair and impartial trial. *Commonwealth v. Johnson*, 78 Ky. 509, 1 Ky. L. 108.

*T. F. Hallam, for appellant.*

*P. W. Hardin, for appellee.*