No. 11,841.

## D. S. Morgan & Co. *v.* White.

Discretion of Court.— *Withdrawal of Pleading.—Practice.*—It is within the discretion of the trial court to permit a plea in bar to be withdrawn and a plea in abatement to be filed.

Foreign Corporations.—*Filing Authority of Agents with County Clerk.—Statute Construed.*—Sections 3022 and 3023, R. S. 1881, providing that the agents of a foreign corporation, before entering upon their business as such, shall file evidence of authority with the clerks of the counties in which it is proposed to do business, contemplate only such agents as propose to transact, within this State, the business in which the corporation is engaged, and do not apply to persons who are engaged in appointing agents to do its business.

From the Benton Circuit Court.

*J. W. Cole,* for appellant.

*D. E. Straight, U. Z. Wiley* and *S. F. Carter,* for appellee.

Mitchell, J.—D. S. Morgan & Co., a foreign corporation, engaged in the business of manufacturing and selling mowing and reaping machines, appointed Charles L. White its agent, to transact its business at Ambia and vicinity, in Benton county.

He was constituted agent for two consecutive years, by two separate contracts, the first dated December 10th, 1880, and signed for the corporation by " C. F. Mulligan ;" the second dated December 22d, 1881, signed for the company by " L. C. Bartley, manager."

These contracts stipulated that White was constituted the agent of the corporation for the sale of its wares at a stipulated commission, in the town of Ambia and vicinity, the agent agreeing to guarantee the payment of all notes taken by him for goods which he should sell in the course of his agency unless the purchaser would endorse on the back of the note a property statement, indicating that he was worth a stipulated sum in real and personal estate over and above his indebtedness.

This suit was brought to recover for an alleged breach of both of the contracts above mentioned.

After overruling separate demurrers to each paragraph of the complaint, the record recites that the defendant filed an answer in six paragraphs, only four of which appear in the transcript.

There were pleas in bar of the action. Subsequently, the answers were all withdrawn by leave of court, and a plea in abatement was filed.

The substance of this plea is that the plaintiff, at the time of making the several contracts sued on, was a foreign corporation, organized and doing business in the State of New York; that one of the contracts sued on was entered into by the defendant, White, with the company, in Benton county, Indiana, through L. C. Bartley, "who was at that time the duly authorized and acting manager or agent of said company," and the other contract was executed on the part of the plaintiff by one Charles F. Mulligan, "who was the agent for said plaintiff."

It was then averred "that at the time said contracts were executed the said agents, or no one for them, had complied with sections 3022 and 3023, R. S. 1881, in this, to wit, that said agents did not, before the making of said contracts, nor has at any time since, filed in the clerk's office of Benton county, Indiana, where said business was transacted, the power of attorney, commission or other authority," etc.; setting forth specifically the failure to file the several papers required by both of the above mentioned sections.

The court overruled a demurrer to this plea, and the plaintiff standing by his demurrer, the defendant had judgment for costs.

The provisions of the foregoing sections of the statute are only applicable to persons who propose to engage in business within this State as agents for foreign corporations. Accordingly, it is provided that before entering upon their business

as agents they shall file certain papers with the clerk of the county in which they "propose doing business."

The legislative policy, as indicated by the act, is plain, and was intended to accomplish the double purpose of affording those interested the opportunity of ascertaining the extent of the agent's authority, by requiring that a copy of the instrument appointing him should be filed in a public office in the county in which he proposed to conduct the business of the foreign corporation, as well as to require the corporation to indicate its willingness to submit to the jurisdiction of the courts in any litigation arising out of any transaction with such agent, by consenting that service of process on the agent should be good service on the corporation.

It is clearly implied in the sections referred to, that the agency contemplated is one which may have some degree of permanency and involve transactions by an agent in the conduct of the business of the corporation who has some sort of residence or abode in the State. No policy could be subserved by requiring a non-resident manager or agent of a foreign corporation, who came to this State for the purpose of appointing agents here and there in the State, to file a copy of his authority in each county in which an agent was appointed, or to file the consent of the company that service of process might be made on him in each county where an agent was appointed, where neither the one act nor the other would serve any purpose whatever.

Presumably, the purpose of appointing local agents to do business of the corporation was because the manager or general agent did not find it compatible with the interests of the foreign corporation to remain in the State himself, and in his absence, after accomplishing his business, what the extent of his authority was could be of no concern, and being absent, presumably a non-resident, no service of process could be made upon him even if consent had been filed.

The plea avers that the contracts of agency were executed in Benton county, but it does not aver that the agents who

executed them for the company were "doing business" or proposing to do business for the corporation in that county or anywhere else in the State.

It does not appear but that the appointment of the appellee agent was the only transaction each ever engaged in, or ever proposed to engage in, in this State. Besides, we think the agents contemplated by the statute under consideration are such agents as propose to transact within this State the business in which the corporation is engaged, and that it has no application to persons who are engaged in appointing agents to do its business. It may be necessary to appoint agents to do the business of a corporation, but appointing agents can hardly be said to be the business of any corporation in the sense of the statute. This is plain from the reading of sections 3022 and 3023, and that there might be no mistake about it section 3027 was enacted.

The plea in abatement should have been certain, bringing the agency clearly within the inhibition of the statute, and because it did not do this the demurrer should have been sustained.

We think it was within the discretion of the court to permit the pleas in bar to be withdrawn, and to give leave to file the plea in abatement; but for the error in not sustaining a demurrer to the plea the judgment is reversed with costs.

Filed April 22, 1885.