## HOWARD COOPER vs. THE STATE OF MARYLAND.

*Removal of Causes to the United States Courts—Plea in Abatement—Practice in the Court of Appeals—Qualification of Jurors—Construction of Acts of 1867, ch. 329, and 1870, ch. 410, relating to the formation of Juries, as affected by the Fourteenth amendment of the Constitution of the United States—Colored persons as Jurors.*

A negro was indicted in the Circuit Court for Baltimore County for rape, and on his arraignment pleaded not guilty. Upon suggestion and affidavit of the prisoner, the record was transmitted to the Criminal Court of Baltimore. Before proceeding to trial, the prisoner filed his petition for removal of the case to the United States Circuit Court, on the ground, that under the statutes of Maryland, prescribing the qualifications and mode of selecting jurors, there was a partial exclusion of colored persons, as such, from jury service; that in the Circuit Court for Baltimore County, it had been the practice to select no colored persons to serve as jurymen, because of their race and color; and that the grand jury which found the indictment, was composed exclusively of white persons. This petition was refused. Whereupon the prisoner asked leave to withdraw the plea of not guilty, that he might plead in abatement the same objection asserted in his petition for removal, of alleged discrimination against colored persons as jurymen by the laws of Maryland. This leave was also refused. Upon appeal as upon writ of error, after verdict and judgment against him, it was HELD:

1st. That in so far as the allegation of the actual exclusion by the Circuit Court of colored persons from the jury, because of their race and color, appeared in the petition for removal to the United States Court, it was clear the Court below did not err in overruling the application for removal on that ground.

2nd. That the refusal of the Court below to admit the plea in abatement was not open to review by this Court.

3rd. That there was nothing in the record indicating that the Court acted outside the legal discretion in refusing the application to let in the plea.

Cooper *vs.* State.

Under the Act of 1870, ch. 410, being a re-enactment of the Act of 1867, ch. 329, providing the present system of forming juries, the Judges of the Circuit Court, from two lists furnished them, first select a given number of names, and from that number draw the forty-eight requisite for the two juries, and from these forty-eight, after designating one of them as foreman, draw out twenty-two others to constitute with the foreman the grand jury; the twenty-five remaining names composing the petit jury. One of these lists is made up from the tax book after each general election next before the drawing, of "the white male taxable inhabitants of the county," &c.; the other list contains all the names on the poll books of the several districts of the county returned and filed in the clerk's office likewise after such general election next before the drawing. From the list of the taxables and the names on the poll books, the required number of names are to be impartially selected, with no other test or standard of fitness than that the selection shall be made "with special reference to the intelligence, sobriety, and integrity of such persons, and without the least reference to their political opinion." HELD:

1st. That the confining the list of taxables to those only who are voters, taken together with all the other provisions of the law, does not operate as an obstacle to the free selection of colored persons as jurors.

2nd. That if the list of taxables were the only source from which jurors could be selected, the objection that a discrimination was made against colored persons as jurors would be well founded; but as the poll books are likewise furnished on which the white taxables also appear under the more comprehensive classification of voters, together with all the colored voters of the county, practically the distinction appearing on the list of taxables is merged or lost.

3rd. That the possibility that there might be colored tax-payers who would be selected because of their "intelligence, sobriety and integrity," for the juries, if on the list of taxables, who are not on the poll books, where every male entitled to vote presumably, is, and therefore are excluded from jury duty, is too remote and conjectural to support an allegation of exclusion of colored persons from jury duty, because of race and color, by the laws of Maryland.

The circumstance that a jury may be composed entirely of white men, is not in itself a violation of the rights of colored men. Their constitutional right is, not to be kept off the jury because they are colored men.

Cooper *vs.* State.

APPEAL as upon Writ of Error, from the Criminal Court of Baltimore.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., YELLOTT, STONE, MILLER, IRVING, RITCHIE, and BRYAN, J.

*A. Robinson White*, and *George Weld*, for the appellant.

*Edgar H. Gans*, and *Charles B. Roberts, Attorney-General*, for the appellee.

RITCHIE, J., delivered the opinion of the Court.

The plaintiff in error, who is a negro, was indicted in the Circuit Court for Baltimore County for rape. On his arraignment he pleaded not guilty. Counsel was then assigned to defend him. A week afterwards the counsel's appearance was stricken out by leave of the Court. Upon suggestion and affidavit of the prisoner, the record was transmitted to the Criminal Court of Baltimore. Here counsel was again assigned him. Before proceeding to trial the prisoner filed his petition for removal of the case to the United States Circuit Court. The allegations of the petition are, that, under the statutes of Maryland. prescribing the qualifications and mode of selecting jurors, there is a partial exclusion of colored persons, as such, from jury service ; that in the Circuit Court for Baltimore County it has been the practice to select no colored persons to serve as jurymen because of their race and color, and that the Grand Jury which found the indictment was composed exclusively of white persons; and that by reason of said statutory provisions, and of the intentional selection by the Court of white persons only to be drawn as jurors, the petitioner was denied the equal protection

Cooper *vs.* State.

of the laws and could not enforce in the judicial tribunals of the State, his right to be tried only under an indictment found by a Grand Jury from which the State of Maryland had not excluded any of his own race, because of their race and color, in violation of the Fourteenth Amendment of the Constitution of the United States.

This petition was refused. Thereupon the prisoner asked leave to withdraw the plea of not guilty, that he might plead in abatement the same objection asserted in his petition for removal, of alleged discrimination against colored persons as jurors by the laws of Maryland. The allegation of an actual exclusion by the Judges of the Circuit Court, we do not understand to be renewed in the offered plea. But if such an allegation be implied, the views hereinafter expressed as to the tenor of said plea will cover it. The Court overruled the motion to withdraw the plea of not guilty and to admit the plea in abatement; and the prisoner went to trial on his plea of not guilty. The jury found against him and judgment was entered and sentence pronounced accordingly. In so far as the allegation of the actual exclusion by the Circuit Court of colored persons from the jury, because of their race and color, appears in the petition for removal to the United States Court, it is clear the Court did not err in overruling the application for removal on that ground. It has been expressly decided, that under section 641, U. S. Rev. Stat., the Act of Congress conferring the right of removal, in aid of the enforcement of the Fourteenth Amendment, such right exists only when the discrimination because of race or color is found "in the Constitution or laws of a State as expounded by its highest tribunals;" and that when actual exclusion by the officers of a State is relied on, it must be availed of in the State Court itself, whose ruling may be reviewed by the Appellate Courts of the State, and by the Supreme Court of the United States. *Neal vs. Delaware,* 103 *U. S.,* 393.

If this allegation is embraced in the tendered plea of abatement, the only other place in the record it is to be found, if at all, it can be considered by us only if the Court's action in refusing to admit the plea is reviewable.

The general rule undoubtedly is, that after pleading in bar to a felony, it is too late to plead in abatement; the withdrawal of the plea of not guilty, and filing such a plea, being a matter of favor or discretion with the Court. "When the defendant has any matter to plead in abatement, the proper time to introduce it is before he pleads to the felony. But there are instances of his being permitted as a matter of favor, after the plea of not guilty has been recorded, to withdraw it, and plead to the jurisdiction." 1 *Chitty Crim. Law,* 425. "Without leave of the Court, which is granted only in very strong cases, the plea of not guilty cannot be withdrawn to let in a plea of abatement." *Wharton Crim. Pl. and Pr.,* sec. 426. "After the general issue or any plea in bar, it is too late to plead in abatement except on leave to withdraw the former." 1 *Bishop Crim'l Procedure, sec.* 756.

And in *United States vs. Gale,* 109 *U. S.,* 65, it is held: "An objection to the qualification of grand jurors, or to the mode of summoning or empanelling them, must be made by a motion to quash, or by a plea in abatement before pleading in bar."

We perceive nothing in the record that indicates the Court acted outside the legal discretion in refusing the application to let in the plea. The case of *Cochran vs. State,* 6 *Md.,* 400, cited by counsel for plaintiff in error, in which it was decided that a prisoner has the right unconditionally to withdraw the plea of not guilty and to demur, does not contravene the rule in regard to pleas in abatement. That decision was to some extent based upon the Act of 1852, chap. 63, which abridged the common law right of a prisoner to the extent of denying him a motion in arrest of judgment for matter subject to demurrer. But

Cooper *vs.* State.

the distinction between a demurrer and a plea in abatement is substantial. "For if the declaration be not good it is in vain to proceed to trial." *Hume vs. Ogle,* 1 *Croke Eliz.,* 196. "Pleas in abatement enter not into the merits of the case, but are dilatory." *Bacon's Abridgment, title Abatement.* Upon the record in this case therefore, the refusal of the Court to admit the plea in abatement is not open to our review.

There remains for consideration the assignment of error in the Court's construing the laws of the State not to operate a partial exclusion of colored persons from jury service, adversely to prisoner's allegation in his petition for removal to the United States Court. Prior to the Act of 1867, chapter 329, the sheriff made the selection of the panel after the common law method. The Legislature deeming it wise to guard the formation of juries more effectually against personal and political influences, adopted by that Act, the present system, by which the Judges of the Circuit Court from certain lists furnished them, first select a given number of names, in Baltimore County near two hundred, and from this number draw the forty-eight requisite for the two juries, and from these forty-eight, after designating one of them as foreman, draw out twenty-two others to constitute with the foreman the grand jury ; the twenty-five remaining names composing the petit jury.

It is in the description of the persons of whom, by the original Act, and by the re-enactment thereof in the Act of 1870, ch. 410, one of the two lists to be furnished the Judges, is composed, that the prisoner contends the discrimination against colored persons as jurors is effected. The list is the one made up from the tax books after each general election next before the drawing, of "the *white* male taxable inhabitants of the county," &c. The other list contains all the names on the poll books of the several districts of the county returned and filed in the clerk's

office, likewise after such general election next before the drawing.

The question therefore is whether the confining the list of taxables to those only who are white persons taken together with all the other provisions of the law, operates as an obstacle to the free selection of colored persons as jurors?

If the list of taxables were the only source from which jurors could be selected, the objection would be well founded; but as the poll books are likewise furnished on which the white taxables also appear under the more comprehensive classification of voters, together with all the colored voters of the county, practically the distinction appearing on the list of taxables is merged or lost.

The insertion of the word "white" in the provision for the list of taxables in the original Act, was a necessary discrimination when made, because suffrage was at that time restricted to the white race; and it has been borne along in the jury laws since the reason of its introduction ceased, presumably from inadvertence or from conviction that it no longer effected a practical discrimination, because of the comprehensive operation of the poll lists which now include all exercising the right of suffrage, a right belonging to both races alike.

From the list of taxables and the names on the poll books are to be impartially selected, the required number of names with no other test or standard of fitness, than that the selection shall be made "with special reference to the intelligence, sobriety and integrity of such persons, and without the least reference to their political opinion." The Judges select indifferently from the lists persons possessing the qualifications implied by the standard; and as the persons who are on the list of taxables are over twenty-five years of age, they are also, with almost absolute certainty on the poll lists; and the selection is in substance a selection from names comprised in the poll lists.

Cooper *vs.* State,

The possibility that there may be colored tax-payers who would be selected because of their "intelligence, sobriety and integrity" for the juries, if on the list of taxables, who are not on the poll books, where every male entitled to vote presumably is, and therefore are excluded from jury duty, is too remote and conjectural to support an allegation of exclusion of colored persons from jury duty because of race and color, by the laws of Maryland. It is possible, so far as the law makes any discrimination, that a panel composed exclusively of colored persons may be drawn ; it is possible that a panel exclusively of white persons may be drawn. The probabilities as to which of the two races is more likely to preponderate in the drawing, depend upon in which one the standard of "intelligence, sobriety, and integrity," is more likely to be met, and the preponderance does not follow from a distinction in the law founded on race or color. The circumstance that a jury may be composed entirely of white men is not in itself a violation of the rights of colored men ; their constitutional right is not to be kept off the jury because they are colored men. *Virginia vs. Rives,* 100 *U. S.,* 313 ; *Bush vs. Kentucky,* 107 *U. S.,* 110. To place colored persons on a jury simply because they are colored men would be a violation of the law as well as to exclude them for that reason. With these views the judgment will be affirmed.

*Judgment affirmed.*

(Decided 23rd June, 1885.)