Brink *et al. v.* Reid.

———◆———

| 122 | 257 |
| 126 | 432 |
| 127 | 126 |
| 122 | 257 |
| 148 | 89 |
| 122 | 257 |
| 155 | 440 |
| 155 | 441 |

No. 14,030.

## Brink et al. *v.* Reid.

Pleadings.—*Pleas in Abatement and in Bar.—Order of Pleading.*—Where pleas in bar to an action on a promissory note are withdrawn and afterwards filed as pleas in abatement, it is error not to reject them upon motion, the statute (section 365, R. S. 1881), which is mandatory, providing that pleas in abatement shall precede pleas in bar.

Same.—*Promissory Note.—Principal and Surety.—Extension of Time.—Answer Alleging.—Reply.—Sufficiency of.*—To an action on a promissory note, extension of time by the payees was pleaded by the surety as matter in

abatement instead of in bar, which it really was. The reply alleged that the surety after the extension of time for payment, and with knowledge of such extension, gave the plaintiffs a written notice informing them that he was surety, and requiring them to sue upon the note.

*Held,* that the reply avoided the answer considered, as pleaded, as an answer in abatement, the position of the surety being inconsistent in asking the action to abate, which he required the plaintiffs to bring.

From the Marshall Circuit Court.

*J. D. McLaren* and *E. C. Martindale,* for appellants.

*S. Parker,* for appellee.

ELLIOTT, J.—The appellants declared on a promissory note executed by the appellee and George W. Johnson. The appellee's answer as originally filed professed to be in bar of the action, and one of the paragraphs was the general denial. This answer was withdrawn and two of the paragraphs were verified and filed as pleas in abatement. They were filed after the change, over appellant's objection, as pleas in abatement, and they unsuccessfully moved the court to reject them.

Our statute in very clear terms provides that pleas in abatement shall precede pleas in bar. R. S. 1881, section 365. Its language is mandatory for the provision reads: "An answer in abatement must precede, and can not be pleaded with an answer in bar," and this direct command can not be disregarded. In the face of this positive statute the trial court had no right to permit the defendant to plead in abatement after he had answered in bar. A party who pleads matter in abatement must plead it in accordance with the statutory command; if he disobeys it his plea should be rejected on motion. *State, ex rel.,* v. *Ruhlman,* 111 Ind. 17; *Glidden* v. *Henry,* 104 Ind. 278; *Field* v. *Malone,* 102 Ind. 251. The appellee must abide by the theory upon which he proceeded in the court below, for he can not shift his ground. *Carver* v. *Carver,* 97 Ind. 497 (516); *Louisville, etc., R. W. Co.* v. *Wood,* 113 Ind. 544 (564). As the theory upon which he proceeded in that court was that his answers are in abatement, we must, for the purposes of the motion, so treat

them, and thus treating them, we must hold that the trial court erred in overruling appellants' motion to reject them.

The answers are really in bar and not in abatement, for they plead that the appellee was a surety and that the payees of the note extended the time of payment for one month in consideration of the payment to them of one month's interest in advance by the appellee's principal. The decision in *Glidden* v. *Henry, supra,* does not apply to a case like this, where a surety asserts a release upon the ground that the creditor has extended the time of payment. We are not required to determine the sufficiency of the answers considered as pleas in bar, for we can only take them for what they profess and declare themselves to be, but, to prevent misconception, we deem it proper to say that, considered in their true character, the second paragraph is good and the third is bad.

The appellants treating the answers as in abatement, as they were bound to do, replied to them, and we are required to decide whether the reply avoids the answers, considering them, as we must, as answers in abatement. We repeat that we consider them as in abatement and not in bar, and upon this theory decide the case, for we intimate no opinion as to the sufficiency of the reply if it could be considered as a replication to answers in bar. We adjudge that it is sufficient because it pleads facts estopping the appellee from pleading in abatement, and further than this we do not go. The facts contained in the reply, shortly stated, are these : The appellee after the time for the payment of the note had been extended, and with knowledge that it had been extended, gave the appellants a written notice wherein he informed them that he was surety and required them to sue upon the note. It is quite clear that the appellee, having required the appellants to sue, can not ask that the very action which he required them to bring shall abate. He can not be permitted to occupy such inconsistent positions. Whether he could defeat the action which was brought upon his demand by

matter in bar is not here the question, for the question is, can he abate the action brought upon his own demand in accordance with the provisions of the statute?

The result is a curious one, but it is due to the error of counsel in pleading in abatement when the true course was to plead in bar.

Judgment reversed.

