Blake, Administrator, *et al. v.* Blake.

Judgment affirmed.

Filed June 12, 1896.

---

No. 2,062.

## BLAKE, ADMINISTRATOR, ET AL. *v.* BLAKE.

PRACTICE.—*Motion to Withdraw Plea in Bar and File Plea in Abatement.*—Error cannot be predicated on the ruling of the trial court, in overruling a motion to open the issues and allow defendants to withdraw their answers in bar and file a plea in abatement, where no abuse of discretion is shown.

DECEDENT'S ESTATE.—*Right of Widow.—Ante-Nuptial Agreement.— Bequest.*—The fact that a widow is mistaken as to her legal rights, being barred from asserting any interest in her husband's estate, in case she survived him, by reason of ante-nuptial agreement, does not deprive her of a legacy bequeathed to her in her husband's will, notwithstanding she filed a claim against the estate, in addition to the legacy.

SAME.—*Claim by Widow.—Costs.*—The fact that the estate incurred costs in defending the claim of the widow, does not justify the administrator in disallowing the claim.

From the Madison Circuit Court.

*F. S. Ellison,* for appellants.

*Goodykoontz & Ballard,* and *H. C. Ryan,* for appellee.

DAVIS, C. J.—On the 15th of October, 1895, the appellee filed a petition in the court below, in which she represented that she was the widow of John Blake, deceased; that he made a will on the 11th of January,

1889, which was probated in said court on the 28th of May, 1892, in which he devised to her $400.00; that no part of said legacy had been paid to her, and that said appellant, William Blake, administrator, with the will annexed of said estate, on the 9th of August, 1895, filed his final report in the matter of said estate, and paid to the clerk of said court $611.86, for general distribution among the heirs of said estate. The administrator and other parties in interest appeared to said petition and filed answers. Afterwards they asked leave to withdraw answers and file a plea in abatement, which request was denied by the court.

On the 30th of January, 1896, the cause was tried by the court, and resulted in a finding in favor of appellee, on which judgment was on that day rendered for $400.00 against appellants, which the court ordered to be paid out of the money in the hands of the clerk. On the same day, appellants filed a motion for a new trial, which was overruled, and afterwards, within the time allowed by the court, filed bill of exceptions containing the evidence. The transcript on this appeal was filed in the office of the clerk of the Supreme Court on the 20th day of March, 1896.

The errors assigned are:

1. That the court erred in refusing to open the issues and allow the appellants to file a plea in abatement.

2. That the court erred in overruling the motion for a new trial.

On account of the failure of appellants to comply with sections 2609, 2610, and 2612, R. S. 1894, no question is presented for our consideration. Counsel for appellee ask that the appeal be dismissed. *Browning* v. *McCracken*, 97 Ind. 279; *Yearley, Admr.,* v. *Sharp, Admr.*, 96 Ind. 469; *Miller, Admr.,* v. *Carmichael*, 98 Ind. 236; *Bennett* v. *Bennett*, 102 Ind. 86; *Rinehart* v.

*Vail,* 103 Ind. 159; *Simons* v. *Simons, Tr.,* 129 Ind. 248; *Merritt* v. *Straw, Admr.,* 6 Ind. App. 360.

Waiving this question, however, we have examined the record, and find no merit in the appeal.

As to the first error assigned, there is nothing whatever in the record tending to show any abuse of discretion by the court in refusing to open the issues and allow appellants to withdraw the answers in bar and file a plea in abatement. There is no motion or affidavit in the record, except the mere recital that appellants moved "the court to withdraw papers and file plea in abatement, which motion is overruled by the court, to which ruling of the court the defendants except." No basis for the motion is stated. No reason is shown for asking such leave. No error appears in the record growing out of this ruling. The evidence, without conflict, fully sustains facts hereinbefore stated. It further appears that on the 28th of December, 1885, appellee and said John Blake entered into an ante-nuptial agreement, by the terms of which she was to claim no interest in his estate, real or personal, in the event she survived him, and that after his death she filed a claim for $500.00, her statutory allowance, and $600.00, the value of a house, which, on account of said ante-nuptial contract, was determined against her. In other words, it is conceded that appellee has not, aside from the judgment in question on appeal, received anything from the estate of her husband.

The contention of counsel for appellant is, that because soon after the death of her husband she refused to accept $400.00, tendered to her by the administrator, on the ground that it was not sufficient in amount, and filed her claims against the estate for $1,100.00, including therein $500.00 as her statutory

Blake, Administrator, *et al. v.* Blake.

allowance, she is not entitled to the $400.00 bequeathed to her in the will.

The mere fact that appellee was mistaken in her legal rights, and that she believed she was entitled to $1,100.00, of which the legacy formed no part, did not deprive her of the $400.00, bequeathed to her in the will. The administrator was then claiming that she was only entitled to the $400.00, bequeathed to her in the will, and she was claiming, in addition thereto, that she was entitled to the house, of the value of $600.00, and also to her statutory allowance of $500.00. If she had recovered in that action, she would have been entitled to the $400.00 legacy. *Richards, Admr.,* v. *Hollis,* 8 Ind. App. 353.

In other words, it does not appear that the provisions made for the appellee in the will were intended to be in lieu of her rights under the law. On the contrary, it is clear that her husband intended by the will that she should have the $400.00 out of his estate after his death, notwithstanding the fact that by the terms of the ante-nuptial contract she was to take nothing under the law. Her statutory rights were not affected by the will, but were released and waived by the contract. Owing to the contract, she was not entitled to recover the claim filed by her against the estate. The fact that the estate incurred costs in defending her claim does not justify the administrator in refusing to pay her legacy.

In view of the fact that the transcript was not filed in this court within forty days after the rendition of the judgment of the trial court, it was not necessary that we should have noticed the merits of the controversy. Therefore, we will no longer prolong this opinion.

Judgment affirmed.

Filed June 12, 1896.