## PAUL SMITH v. STATE.

No. A-170.    Opinion Filed November 23. 1910.

1.    **CONTINUANCE—Amendment of Information—Right to Postponement.** When an information is amended upon the eve of trial and the defendant files a motion for a postponement supported by affidavit showing surprise, and that the amendment to the information requires additional preparation upon the part of the defendant before he could be ready for trial, reasonable time should be allowed the defendant, by the court, within which to make such preparation.

2.    **JURY—Exclusion of Negroes—"Equal Protection of the Laws."** (a)  When a negro is charged with violating the criminal laws of a state, and when under oath he challenges the panel of the jury upon the ground that the commissioners who selected such jury and the sheriff who summoned them had excluded from the jury all persons of African descent, solely on account of their race and color, and offers evidence to sustain this ground of challenge, the trial court should hear the evidence, and if it is of the opinion that as a matter of fact negroes were intentionally excluded from the panel, solely upon the ground of their race and color, said motion should be sustained.  This has been repeatedly decided by the Supreme Court of the United States, and all state tribunals are bound thereby.

     (b)    The mere fact that the jury was composed solely of white men will not be ground for challenge in such case.  There is no law requiring that negroes shall be selected to sit upon juries.  The only law upon this subject is, they must not be excluded therefrom solely on account of their race or color.

     (c)    Officers charged with the duty of selecting and summoning jurors can exercise their own discretion in selecting those persons who, in their judgment, are competent and qualified to serve as such jurors, provided, that they do not exclude competent persons who are negroes, solely on account of their race and color.

(Syllabus by the Court.)

*Appeal from Muskogee County Court; W. C. Jackson, Judge.*

Defendant was convicted for violation of the prohibition law and sentenced to pay a fine of $300.00 and forty days' confinement in the county jail, and he prosecuted an appeal.   Reversed and remanded.

*S. E. Gidney,* for appellant.—Citing *Carter v. Texas,* 177 U. S. 442, and *Rogers v. Alabama,* 192 U. S. 226.

*Fred S. Caldwell,* for the State.

FURMAN, PRESIDING JUDGE. 1. The information in this case was filed on the 21st day of September, 1908. It charged the defendant, in general terms, with the unlawful sale of intoxicating liquor on the 21st day of September, 1908, but did not allege to whom such liquor was sold or that the name of the purchaser was unknown to the informant. The case came on to be tried upon this information on the 6th day of January, 1909. Defendant demurred to the information because it did not state to whom the sale was made or that the name of the purchaser was unknown to the informant. Thereupon the county attorney, with the permission of the court, filed an amended information, in which he alleged that the sale of liquor on the 21st day of September, 1908, was made by the defendant to Al Ayer. Defendant thereupon moved the court to postpone the case for a period of twenty-four hours to enable him to prepare to meet such charge. The motion was in conformity with the statute and duly sworn to by the defendant. This motion was by the court overruled and the defendant excepted. Defendant was immediately forced into trial. To this defendant excepted. In this there was error. Under the repeated decisions of this court an information for the sale of intoxicating liquor which does not state the name of the person to whom such sale was made, or state that the name of such party was unknown, if demurred to upon this ground in apt time, is wholly insufficient. Under our statute an information can be amended, but when such amendment is allowed and it sets up any new matter which operates as a surprise to the defendant, upon his filing the motion provided for by the statute, in all fairness and justice he should be allowed reasonable time within which to prepare to make his defense. According to the record in this case defendant did not know until the amendment was filed as to what transaction he would be called upon to defend. He had no time to prepare for trial, to consult his attorneys or to summon

witnesses. His request for a postponement of the case for twenty-four hours to enable him to prepare to meet the amended information was reasonable and should have been allowed by the trial court.

2. Before the jury was empaneled the defendant filed the following challenge to the array or jurors.

- "In the County Court of Muskogee County, State of Oklahoma.   State of Oklahoma v. Paul Smith.

"Comes the defendant, Paul Smith, and objects to the panel of the jury called in this court for the purpose of sitting as a jury in this cause and objects to going to trial because he says that he is a person of African descent known as a negro; and that the panel from which all jurors must be called in this cause is composed exclusively of white persons; and that all persons of color or African descent known as negroes were excluded from serving on said panel of jury by the commissioners of Muskogee County on account of their race and color, and for no other reason.

"2nd.   That the jury commissioners of this, Muskogee county, have for a long period of time, to-wit: fourteen months last past during the entire time since the organization of Muskogee County, neglected and refused and excluded all colored persons, or persons of African descent, from serving on juries in said county solely on account of their race and color; that said exclusion, neglect and refusal is a discrimination against this defendant, who is a negro, and is a denial to him of an equal protection of the laws as guaranteed to him under the Constitution of the United States.

"3rd.   That the persons selected by the sheriff of Muskogee County to serve upon the panel of jury during the present term of this court have all been white persons, and that said sheriff has neglected, refused and excluded all colored persons, or persons of African descent, from serving on said jury solely on account of their race and color; that said exclusion, neglect and refusal is a discrimination against this defendant, who is a negro, and is a denial to him of an equal protection of the laws as guaranteed to him under the Constitution of the United States.

"4th.   That during the entire period of time during which Muskogee County has been an organized county all of the jurors summoned and serving upon any jury in this court have been white men, and that there has been a studied exclusion, neglect and refusal by the officers of this county and of this court to sum-

mons any person who is a negro or of African descent to serve upon a jury in this court or in this county, and that such studied exclusion, neglect and refusal to summons a negro is a denial to him of an equal protection of the laws as guaranteed to him under the Constitution of the United States.

"The defendant says that more than one-third of the inhabitants and more than one-fourth of the legal electors of Muskogee County are persons of color or African descent known as negroes and were excluded from such jury service by the commissioners of said Muskogee County, and other officers whose duty it was to summons juries, on account of their race and color and for no other purpose.

"PAUL SMITH.

"Subscribed and sworn to before me this 6th day of January, 1909.

"TONY MATNEY,
"Clerk District Court.
"By Ross HOUCK,
"My commission expires                                "Deputy."

The defendant then offered to introduce evidence in support of the motion, but the court refused to receive such evidence and overruled the motion, to all of which the defendant excepted. In this there was error. The Supreme Court of the United States has repeatedly passed upon this question. The substance and effect of their decisions is that whenever by any action of a state, whether through its Legislature, through its courts, or through its executive or administrative officers, persons of African descent are excluded solely on account of their race or color from serving on grand or petit juries in a criminal prosecution against a negro, the equal protection of the law is denied to such defendant, contrary to the 14th amendment to the Constitution of the United States, and that in such cases, if a defendant makes a timely challenge to the jury, and it is denied by the state court, a conviction upon appeal to the United States courts will be set aside. See *Strouder v. W. Va.*, 100 U. S. 303; *Neal v. Delaware*, 103 U. S. 370-397; *Gibson v. Miss.*, 162 U. S. 565; *Carter v. Texas*, 177 U. S. 442; *Rogers v. Ala.*, 192 U. S. 226. By these decisions we are

bound.    See also *Castleberry v. State,* 69 Ark. 246; *Wilson v. State,* 69 Ga. 224; *Green v. State,* 73 Ala. 26; *Torrance v. State,* (Fla.) 30 So. 685; *Hoggard v. Com.,* 79 Ky. 366; *Com. v. Johnson,* 78 Ky. 509; *Cooper v. State,* 64 Md. 40, 20 Atl. 986; *Smith v. State* (Tex. Cr.) 69 S. W. 151; *Leach v. State* (Tex. Cr.) 62 S. W. 422; *Kipper v. State* (Tex. Cr.) 62 S. W. 420.    We therefore hold that the trial court should have heard the testimony offered by the defendant, and that, if it appeared therefrom that negroes were excluded from the jury by the officers of the court solely upon the ground of their color, the challenge to the jury should have been sustained.    The 14th amendment to the Constitution of the United States does not require the jury commissioners or other officers charged with the selection of juries to place negroes upon the jury list simply because they are negroes. The allegation that the jury was composed solely of white men does not violate the 14th amendment to the Constitution of the United States, and proof of that fact would not support the motion.    The ground upon which the decisions of the Supreme Court of the United States rest is not that negroes were not selected to sit upon juries, but that they were excluded therefrom solely on account of their race or color.    In other words, there is no law to compel the jury commissioners or other officers of the court to select or summon negroes as jurors.    They can select any persons whom they regard as competent to serve as jurors without regard to their race or color, but the law prohibits them from excluding negroes solely on account of their race or color.    Therefore the judge should have heard the testimony, and if he found from the evidence that there was an agreement among the jury commissioners to exclude negroes from the jury panel simply because they were negroes, or that the officers charged with the duty of selecting and summoning said jurors had refused to select or summons negroes on the jury, and had excluded them therefrom solely upon the ground that they were negroes, then the judge should have sustained said motion.    There is no law requiring an officer to place negroes on the panel simply because they are ne-

groes. It is his duty to select the best jurors without regard to race or color. When this is done the law is satisfied. For the reasons herein pointed out, the judgment of the lower court is reversed and remanded.

DOYLE and RICHARDSON, JUDGES, concur.