### ESHELMAN *v.* STATE OF INDIANA.

[No. 13,777.   Filed October 11, 1929.]

*Wiles, Springer & Roots* and *G. Andrew Golden,* for appellant.

*James M. Ogden,* Attorney-General, and *George W. Hufsmith,* Deputy Attorney-General, for the State.

McMahan, C. J.—Appellant was convicted on an indictment charging him with an unlawful sale of intoxicating liquor. The indictment was returned in open court December 5, 1928. On December 13, he appeared in person and in the custody of the sheriff, and, being arraigned, entered a plea of not guilty, and was released on bond. On December 28, he appeared in person and by counsel, and on his application was given leave to, and did, withdraw his plea of not guilty. He then filed a plea in abatement. The record shows that, on December 31, "the court having seen and examined said plea in abatement and being duly advised in the premises, now overrules said plea," to which appellant at the time objected and excepted. On March 18, 1929, he waived arraignment and again entered a plea of not guilty, the cause was tried by the court without a jury, and taken under advisement until March 23, when he was found guilty, fined $100, and ordered confined at the State Farm for 30 days. His motion for a new trial was overruled, and this appeal followed. The only question presented for consideration relates to the overruling of the plea in abatement.

The Attorney-General, on behalf of appellee, and in support of the action of the court, calls attention to §389 Burns 1926, §116 Civil Code, which, *inter alia,* provides that "An answer in abatement must precede, and can not be pleaded with, an answer in bar, and the issue thereon must be tried first and separately," and insists that appellant, having entered his plea of not

guilty—a plea in bar—could not, even with leave of court, withdraw that plea and later file a plea in abatement, and, for that reason, he says the plea in abatement was properly overruled.

In *Watts, Trustee,* v. *Sweeney* (1891), 127 Ind. 116, 26 N. E. 680, 22 Am. St. 615, the appellant had filed an answer in bar, and then, with leave of court, withdrew that answer and filed an answer in abatement, to which a demurrer was sustained. In holding there was no available error in the ruling, the court, at page 126, said: "That when a party first files an answer in bar he can not afterwards file an answer in abatement, even by leave of court, has been settled by a decision of this court in the case of *Brink* v. *Reid,* 122 Ind. 257 [23 N. E. 770], and having been so held and the statute, section 365 R. S. 1881, providing that answers in abatement must precede and can not be pleaded with an answer in bar, we deem it best to adhere to the decision in that case. Pleas in abatement being dilatory pleas, a strict rule should be held in regard to them. The answer in abatement in this case having been filed after the filing of an answer in bar the same was subject to be struck out on motion."

In *Brink* v. *Reid* (1890), 122 Ind. 257, 23 N. E. 770, the defendant had filed an answer in bar, one of the paragraphs being a general denial. This answer was withdrawn and two of the paragraphs, over objection of the plaintiff, were then verified and filed as pleas in abatement. Plaintiff's motion to reject the pleas in abatement was overruled. In holding the court erred in overruling the motion to reject them, the court said: "Our statute in very clear terms provides that pleas in abatement shall precede pleas in bar. §365 R. S. 1881. Its language is mandatory for the provision reads: 'An answer in abatement must precede, and can not be pleaded with an answer in bar,' and this direct command can not be disregarded. In the face of this positive statute the trial

court had no right to permit the defendant to plead in abatement after he had answered in bar. A party who pleads matter in abatement must plead it in accordance with the statutory command; if he disobeys it, his plea should be rejected on motion."

In *Biddle* v. *State* (1927), 199 Ind. 284, 157 N. E. 280, the plea in abatement was filed after the defendant had entered a plea of not guilty and without the latter plea having been withdrawn. A denial was filed to the plea in abatement, and the issue thus presented was tried and decided in favor of the State. In the face of that record, the court was correct in saying "the trial court had no right to permit the appellant to plead in abatement after he had answered in bar," that if a person disobeys the statutory command, his plea should be rejected on motion, and that the same result was reached by "overruling" his plea in abatement.

In *Randolph* v. *State* (1928), 200 Ind. 210, 162 N. E. 656, the defendant, upon being arraigned, entered a plea of not guilty. Three weeks later, and at a subsequent term of court, he, as we infer, with leave of court, withdrew his plea of not guilty and filed a motion to quash, which was then overruled, and 10 days later he filed a plea in abatement, to which a demurrer was sustained. The court on appeal, without questioning the right of the court to grant leave to withdraw the answer in bar and to file the plea in abatement, held the plea was bad because of want of sufficient facts.

In *Morgan & Co.* v. *White* (1885), 101 Ind. 413, the defendant filed an answer in bar. This answer, by leave of court, was withdrawn, and a plea in abatement filed. A demurrer to this plea was overruled, and, the plaintiff abiding his exception, the defendant had judgment. On appeal, the court held the demurrer should have been sustained, and reversed the judgment. An examination of the record and briefs in that case discloses that one

of the errors assigned and discussed in the briefs was the action of the court in allowing the answer in bar to be withdrawn and in granting the defendant leave to file the answer in abatement. The attention of the court was called to *Patterson* v. *Mercer* (1864), 23 Ind. 16. In discussing this question, the court, in *Morgan & Co.* v. *White, supra,* at page 416, said: "We think it was within the discretion of the court to permit the pleas in bar to be withdrawn, and to give leave to file the plea in abatement." To the same effect, see *Patterson* v. *Mercer, supra; Estop* v. *Larsh* (1863), 21 Ind. 190.

This court, in *Blake, Admr.,* v. *Blake* (1896), 15 Ind. App. 492, 44 N. E. 488, apparently recognized that the withdrawal of an answer in bar and leave to file a plea in abatement was within the discretion of the court.

The rule stated by the Supreme court in *Morgan & Co.* v. *White, supra,* was the rule at common law. 1 Chitty, Crim. Law p. *423. Our statute, §389, *supra,* in so far as it relates to the order in which an answer in abatement must be filed, is a restatement of the common-law rule on that subject. The following authorities are directly in point, and hold that the court may, in its discretion, permit a plea of not guilty to be withdrawn and allow a defendant in a criminal case to thereafter file a plea in abatement: *Philadelphia, etc., Iron Co.* v. *Kever* (1919), 260 Fed. 534; *Smith* v. *State* (1904), 142 Ala. 14, 39 So. 329; *Whittle* v. *State* (1921), 205 Ala. 639, 89 So. 43; *State* v. *Hoelscher* (1924), 267 S. W. (Mo. App.) 426; *Pontier* v. *State* (1908), 107 Md. 384, 68 Atl. 1059; *Cooper* v. *State* (1885), 64 Md. 40, 20 Atl. 986; *Commonwealth* v. *Wakelin* (1918), 230 Mass. 567, 120 N. E. 209; *Early* v. *Commonwealth* (1890), 86 Va. 921, 11 S. E. 795; *State* v. *Taylor* (1905), 57 W. Va. 228, 50 S. E. 247; *State* v. *Pine* (1904), 56 W. Va. 1, 48 S. E. 206.

The holding of the court in *Watts, Trustee,* v. *Sweeney, supra,* cannot, in our judgment, be reconciled with the

holding of the court in *Morgan & Co.* v. *White, supra.* It would seem that the latter case is by implication overruled by the later decisions of the Supreme Court heretofore mentioned.

We are of the opinion that the rule announced in the Morgan case is supported by the authorities, and should be re-established as the rule in this state. This case is, therefore, respectfully transferred to the Supreme Court for such action with reference to the conflicting decisions as may be deemed proper.

Cause transferred.