Harold D. COLVARD, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14367.

Court of Criminal Appeals of Oklahoma.

April 16, 1969.

Delbert Brock, McAlester, for plaintiff in error.

G. T. Blankenship. Atty. Gen., Jerry H. Holland, Asst. Atty. Gen., for defendant in error.

BRETT, Presiding Judge.

Plaintiff in Error, Harold D. Colvard, hereinafter referred to as defendant, was a co-defendant with one William Newton Rose, who were charged by Information by complaint in Pittsburg County, Oklahoma, January 14, 1965, and by information subsequently filed in the District Court of Pittsburg County, on August 3, 1966.

Information charged defendant and his co-defendant, Rose with conjoint Armed Robbery by robbing one Richard Cable by force and fear.

On August 19, 1966, various motions were filed including: Motion for Change of Venue, Motion for Severance, Suppression of Evidence, and a Renewal of Motion for Dismissal. All such special motions were overruled except the Motion for Severance, which was granted and the defendants were tried separately.

This defendant was first tried during the November, 1966 trial docket which resulted in a mistrial. Defendant's trial was subsequently set for retrial during the next term of court. On February 15, counsel for defendant filed in the district court a "New Motion for Dismissal." That motion was overruled and the district court set the trial for March 14. Five days before the date of trial, counsel for defendant filed in this Court an Application for Issuance of the Writ of Mandamus, asking this Court to order the district court to dismiss defendant's case. A hearing was held in this Court on March 15, and on the following day the application was dismissed by Order.

[1] Defense counsel now complains in his brief, and he argued before the trial court that his client was prejudiced by the action of this Court when the application for mandamus was denied, and the district attorney was advised by telephone on the same day, and he was instructed to so inform counsel for defendant. The district attorney did advise defense counsel, but located him the following day in Oklahoma City, when the information was given to him. It seems to be counsel's position that the Court's decision on his application for the writ of mandamus was reached earlier than he had been advised it would probably be reached; and consequently he was not allowed sufficient time to prepare for the subsequent trial. However, it seems apparent from the entire record now before the

Court, that counsel was engaging in dilatory tactics in an effort to further delay defendant's trial. Counsel was aware of this Court's Rule No. 23, when he requested an exception thereto for consideration of his application. That exception was granted on March 9th, when counsel filed his application, and with counsel's full knowledge that the trial date was set for March 14th. Under these circumstances, counsel will not be permitted at this time to come before this Court and complain.

The facts of this case briefly stated are:

On July 13, 1964, the defendant Harold D. Colvard and one William Newton Rose, an accomplice, entered a grocery store owned by a Richard C. Cable, situated at "A" Street and Carl Albert Parkway in McAlester, Oklahoma, at approximately 9:20 P.M.; and subsequently through force and fear, and by the utilization of at least one pistol, took approximately $389 from their victim. During this robbery the defendant was stationed at the front door of the grocery store while his accomplice, Rose, stuck an automatic pistol into the side of Mr. Cable and took the money.

Subsequently, the defendants were apprehended by the Oklahoma City Police and while incarcerated defendant gave a confession to Police officers, to the effect, that he and Rose had both acted conjointly in the robbery of Mr. Cable, both having 45 caliber automatic pistols.

Defendant's first proposition contends that the trial court committed error by overruling his motion for continuance. Counsel filed an affidavit in which he set forth what purported to be the substance of the testimony of defendant's brother, who counsel allegedly was unable to locate on such short notice—(between the time his application for issuance of the writ of mandamus was overruled in this Court and the new date set for trial.) Counsel also related that defendant's mother—who was purportedly to be a character witness for defendant—could not be present on the day of trial. However, defense counsel had not requested issuance of subpoenas for ei-

ther witness; and neither witness had testified at defendant's first trial; and at no time did counsel seek to obtain the deposition of the witnesses.

To support his proposition defendant cites Harris v. State, 9 Okl.Cr. 658, 132 P. 1121; Smith v. State, 4 Okl.Cr. 328, 111 P. 960; and Kimbrell v. State, 7 Okl.Cr. 354, 123 P. 1027, but each of these cases can be readily distinguished from the case at bar, because the factual situations in each of them are entirely different to the facts in instant case. Consequently, the rule of law counsel attempts to apply to this case is not applicable under the facts contained in the record.

■ In this case counsel had known the March 14th date set for trial almost three weeks, but he waited until five days prior to the trial date to file his application in this Court of issuance of the writ of mandamus. This proceeding consequently resulted in the postponement of the trial from March 14, to March 17. Defendant contended that the witnesses would have been available to testify on the 14th, but they were not available three days later. It should be pointed out that any time when the defendant makes a last minute effort to delay, or to prevent the trial court from conducting its normal business, such efforts are made at defendant's own risk. Unless the defendant can actually show that he has exercised reasonable diligence to secure the attendance of his witnesses at his trial, such delaying tactics are made at his own peril.

■ This Court recited in Gorum v. State, 67 Okl.Cr. 75, 92 P.2d 1086:

"The rule is well settled that it is the duty of defendant to use all reasonable diligence in order to secure the attendance of witnesses in his behalf, and it must be made to appear from the application for a continuance that he has used due diligence in procuring the attendance of his witnesses, and the application must set out facts fully which constitute such diligence."

See also: Shelton v. State, Okl.Cr., 277 P.2d 692.

In this case defendant did not use all reasonable diligence to secure the attendance of witnesses to appear in his behalf, and his affidavit was no assurance that the missing witnesses would be available at a later date, if the continuance were granted. Fields v. State, 85 Okl.Cr. 439, 188 P.2d 231 is a case in which the factual situation was similar to the situation in this case—concerning an absent witness who was supposedly in the State of Arkansas at the time of trial. This Court said in the Fields case supra:

"Moreover, the record does not show that any effort was made to obtain the witness' deposition, even before or after the return of the subpoena was made. It is not unreasonable to assume that even after the return of the subpoena, that it was improbable that the deposition of White could have been taken. Neither is there any allegation of facts upon which the court could be assured that either the witness or his evidence, as set forth in defendant's affidavit, would be available, even if a continuance were granted. There was no showing made that James White was still in Arkansas, or that he had been in any wise contacted relative to the possibility of his testifying, or that if he appeared as a witness, or testify by deposition, that he would testify as the defendant swore he would. Under these circumstances, the status of White as a witness and the nature of his testimony were highly speculative. Moreover, the affidavit shows little diligence except the issuance and return of a subpoena which was not served. The record is totally lacking in evidence as to any other attempt or effort to procure his presence as a witness at the trial on February 7, 1945 or at any time in the future."

In the instant case no subpoenas were issued for either of defendant's witnesses to appear, and the affidavit offered no assurance that either would be available if the trial was delayed. We must therefore conclude that the trial court did not err in denying defendant's motion for continuance.

Defendant's second and third propositions recite as error, the trial court's admission of defendant's written confession, which was given in the Oklahoma County Jail. To support this proposition, defendant cites Brown v. State, Okl.Cr., 384 P.2d 54. However, in the Brown case there was no question whatsoever concerning the physical force used to obtain a confession from the defendant. But in this case there is no such showing of force or coercion. Instead, the record reflects that the State sustained the burden of showing that defendant's constitutional rights were properly explained to him before he was questioned, and before he gave the written confession admitting numerous other crimes including four other armed robberies. In fact, the record reflects that when defendant was offered counsel, before he was questioned and before he signed the confession, he elected to consult with his "jail-house lawyer," who was arrested with him. Defense counsel attempted to interject a question of fact into the record when on cross-examination he inquired of Officer Sutterfield, whether or not Officer Stanfield promised the defendant certain considerations if he would admit the other robberies. The witness denied that any such promises were made in his presence. Even considering that this did introduce a question of fact, it was one for the jury to resolve. This Court has repeatedly held as was stated in Sadler v. State, 84 Okl.Cr. 97, 179 P.2d 479:

"Where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, Criminal Court of Appeals will not interfere with verdict even though there is a sharp conflict in evidence and different inferences may be drawn therefrom since it is the exclusive providence of the jury to weigh the evidence and to determine the facts."

■ In this case, any such question of fact was resolved against the defendant. As we review the record, the evidence is sufficient without the admission of the confession to sustain the verdict of the jury.

■ Defendant's fourth proposition is not supported by the record. It cannot, therefore, be considered. In that proposition he asserts the trial court's error in overruling defendant's motion for a directed verdict of acquittal, upon the State resting its case. All that is reflected in the record is defense counsel's request to approach the bench, which was done and that a conference was held outside the hearing of the jury.

■ Defendant fails to offer any authorities to support his next proposition, which asserts insufficiency of the evidence and passion and prejudice of the jury in assessing punishment. This Court has recited many times, as was said in Collins v. State, Okl.Cr., 407 P.2d 609:

"It is necessary for counsel for plaintiff in error not only to assert error, but to support his contentions by both argument and the citation of authorities. Where this is not done, and it is apparent that the defendant has been deprived of no fundamental rights, this court will not search the books for authorities to support the mere assertion that the trial court has erred."

■ The sixth proposition contained in defendant's brief is an attempt to accomplish some review of a proceeding held in the district court of Pittsburg County, Oklahoma, when defendant's petition for writ of habeas corpus was denied. The record before this Court fails to contain anything therein to warrant any such consideration. Therefore this proposition will be denied.

■ Next, defendant contends the sentence of twenty years, imposed by the jury, was excessive. However, considering the maximum punishment for the crime of armed robbery is "death," we fail to see the excessiveness of the sentence imposed on this defendant.

Having considered defendant's eighth, ninth, tenth, and eleventh propositions, the Court finds them to be without merit. Likewise, the record before the Court does not support counsel's effort to contend that defendant's constitutional rights were denied him in the early stages of his trial.

Having therefore considered this record and the briefs filed by both the defendant and the Attorney General, we conclude that defendant received a fair trial in accordance with due process of law. We are therefore of the opinion this case should be affirmed, and it is so ordered.

BUSSEY and NIX, JJ., concur