**Harold D. COLVARD, Petitioner,**

v.

**Warden Ray H. PAGE and the State of Oklahoma, Respondents.**

**No. A–15721.**

Court of Criminal Appeals of Oklahoma.

Jan. 21, 1970.

Harold D. Colvard, pro se.

No response from Attorney General.

MEMORANDUM OPINION

BUSSEY, Judge.

Harold D. Colvard, Petitioner herein, has filed a Petition for Writ of Habeas Corpus, alleging that his constitutional rights have been violated. Petitioner goes into a long dissertation involving four convictions of Armed Robbery in Oklahoma County, and a conviction of Armed Robbery in Pittsburg County. He admits a confession to the four Oklahoma County robberies, but alleges that he was promised that all detainers and warrants would be lifted if he so plead.

We have carefully reviewed Petitioner's writ and have also reviewed Petitioner's appeal to this Court on the Pittsburg County charge which was affirmed in Colvard v. State, Okl.Cr., 453 P.2d 715. In Colvard v. State, supra, we find the following language:

"Defendant's second and third propositions recite as error, the trial court's admission of defendant's written confession, which was given in the Oklahoma County Jail. * * * Instead, the record reflects that the State sustained the burden of showing that defendant's constitutional rights were properly explained to him before he was questioned, and before he gave the written confession admitting numerous other crimes including four other armed robberies. In fact, the record reflects that when defendant was offered counsel, before he was questioned and before he signed the confession, he elected to consult with his 'jail-house lawyer,' who was arrested with him. Defense counsel attempted to interject a question of fact into the record when on cross-examination he inquired of Officer Sutterfield, whether or not Officer Stanfield promised the defendant certain considerations if he would admit the other robberies. The witness denied that any such promises were made in his presence. * * *"

From the foregoing it can be seen that there is absolutely no basis for the Petitioner's writ, and the same is accordingly denied.

BRETT, P. J., and NIX, J., concur.