## OFA BROWN v. STATE.

No. A-545.  Opinion Filed May 23, 1911.

(115 Pac. 615.)

**INFORMATION—Filing Amended Information—Effect.** By the filing of an amended information in a misdemeanor case the original information is thereby set aside and abandoned.

(Syllabus by the Court.)

*Appeal from Pawnee County Court; H. T. Conley, Judge.*

Ofa Brown was convicted of violating the prohibitory law, and appeals. Reversed.

*D. Lafe Hubler* and *Geo. E. Merritt*, for plaintiff in error.
*Smith C. Matson*, Asst. Atty. Gen., for the State.

DOYLE, JUDGE. An information was filed in the county court of Pawnee county on September 22, 1909, charging that on the 1st day of September, A. D. 1909, in said county and state, one Ofa Brown did then and there wilfully, knowingly, and unlawfully have in his possession certain intoxicating liquor, to wit, one barrel of bottled beer, with the unlawful intent to then and there convey said intoxicating liquor from the Santa Fe depot in the town of Ralston to the town of Fairfax. Afterwards on the 24th day of September, 1909, there was filed an amended information which charged that on the 1st day of September, 1909, in said county and state, Ofa Brown did then and there wilfully, knowingly, and unlawfully have in his possession certain intoxicating liquor, to wit, one barrel of bottled

beer, which he, the said Ofa Brown, was then and there carrying and conveying said intoxicating liquor from the Santa Fe depot, in the town of Ralston, to Fairfax. October 5th a demurrer was filed and overruled. October 7th the case was called for trial, and on the same day the jury returned the following verdict: "We, the jury, impaneled and sworn to try the issues in the above-entitled cause, do, upon our oaths, find the defendant guilty as charged in the information." Motions for new trial and in arrest of judgment were duly filed. October 23, 1909, the court overruled said motions and sentenced defendant to be imprisoned for a period of 30 days and that he pay a fine of $300 and costs. From which judgment an appeal was taken by filing in this court on January 13, 1910, a petition in error with case-made attached.

Of the various assignments of error, it is only necessary to consider one question presented by the record; that is, could the defendant be tried on the original information when an amended information was filed and demurrer thereto overruled.

The only recital in the record that would indicate that the defendant was tried upon the original information appears in the certificate of the trial judge wherein he states:

"I further certify that there are two informations in said case-made, one marked as 'Amended Information.' The defendant in the above-entitled case was tried on the original information. He entered a plea of not guilty to the charge against him in the said information, and the said original information was read to the jury before the trial, and the same was treated by the attorneys and by the court during the trial as an amended information."

It is assigned as error:

"That the court erred in adding to the certificate of settlement of the case-made the statement that the defendant was tried and found guilty under the original information treated as an amended information."

This court must consider the cause upon the record proper.

Section 6645, Snyder's St., provides:

"An information may be amended in matter of substance or form at any time before the defendant pleads, without leave, and may be amended after plea on order of the court where the same can be done without material prejudice to the right of the defendant; no amendment shall cause any delay of the trial, unless for good cause shown by affidavit."

The amended information was filed, and afterwards a demurrer thereto was overruled. There is nothing in the entire record which shows that the amended information did not supersede the original information. By the filing of an amended information in a misdemeanor case before the defendant pleads, the original information is thereby set aside and abandoned, and the defendant cannot be tried upon the original information.

It is not a matter wherein the state can elect the offense for which the defendant can be placed upon his trial. In the case of *Bonitzer v. State,* 4 Okla. Cr. 354, 111 Pac. 980, construing section 6699, Snyder's St., Presiding Judge Furman used the following language:

"The purpose of this statute is to force the state to try but one transaction alleged to be criminal at a time. This statute also confers a valuable right upon the defendant. If the state could bring several criminal accusations against the defendant in one information or indictment, based upon more than one transaction, which might be incorporated in one indictment or information, how would it be possible for the defendant to know as to the particular transaction for which he will be placed upon trial, and how could he prepare his defense? This makes it clear that the requirement of the statute that but one transaction should be investigated at a time is based upon reason and justice, and that it confers a valuable right upon the defendant. This is not only our statute law, but it is the very substance of our Constitution itself. Section 29 of the Bill of Rights, Bunn's Oklahoma Constitution, among other rights secured to a defendant of which the Legislature cannot deny him, we find the following: 'He shall be informed of the nature and cause of the accusation against him, and have a copy thereof.' This shows that the Constitution limits the power of the court in criminal cases to the investigation of but one accusation at a time."

So far as the record shows, the amended information super-seded the original information, and, if the defendant was tried upon the original information without setting aside and dismiss-ing the amended information, it was error prejudicial to his substantial rights, for which the judgment must be reversed.

For the reason stated, the judgment of the county court of Pawnee county is hereby reversed, and the cause remanded, with direction to proceed in accordance with the views herein expressed.

FURMAN, PRESIDING JUDGE, and ARMSTRONG, JUDGE, concur.