## WILL HARRIS v. STATE.

No. A-1743.    Opinion Filed June 28, 1913.

(132 Pac. 1121.)

1. INDICTMENT AND INFORMATION—Amendment—Effect.    The filing of an amended information in a misdemeanor case operates as an abandonment of the original information, and a subsequent trial is upon such amended information.

2. CONTINUANCE—Amendment of Information.    While an information may be amended, yet if such amendment operates as a surprise to the defendant, reasonable time should be allowed him to prepare for trial.

3. SAME.    It is the duty of trial judges and prosecuting attorneys to treat defendants with fairness, and to allow them reasonable opportunity to prepare to defend themselves.

4. SAME—Opportunity to prepare for Trial.    Justice requires that a defendant in a criminal case should be allowed a reasonable opportunity to prepare to make his defense, and that he should be treated with reasonable fairness at every stage of the trial.

(Syllabus by the Court.)

*Appeal from County Court, Atoka County;*
*Baxter Taylor, Judge.*

Will Harris was convicted of violating the prohibitory liquor law, and his punishment was assessed at a fine of $500 and six months' confinement in the county jail, and he appeals. Reversed.

*J. H. Gernert* and *J. G. Ralls,* for appellant.
*Smith C. Matson,* Asst. Atty. Gen., for State.

FURMAN, J.    The record shows that when this cause was reached and called for trial the state announced ready for trial, and the defendant announced not ready for trial; that thereupon the county attorney asked permission to amend the information, and also to indorse the names of nine additional witnesses on the amended information, which requests

were by the court granted, to all of which the defendant objected and pleaded surprise, and stated that he could not safely go to trial without having some time to inform himself as to what the testimony of the nine additional witnesses would be and prepare to meet the same, and requested that the court grant him time to make investigation of these matters, all of which was by the court overruled. The record further discloses the fact that an amended information was filed, and that the defendant demurred to the same, which demurrer was by the court overruled, to which appellant excepted; that the defendant then asked to be allowed 24 hours in which to plead to the amended information, which request was by the court overruled; and that the defendant was required to plead to said amended information, which he declined to do. Thereupon the court ordered that a plea of not guilty be entered for him, and that the trial should proceed. But the record does not contain a copy of the amended information or the demurrer thereto, and we are left entirely in the dark as to what it contains.

In the case of *Brown v. State,* 5 Okla. Cr. 567, 115 Pac. 615, this court held that by the filing of an amended information in a misdemeanor case the original information is thereby set aside and abandoned.

Without having the amended information before us upon which the appellant was tried, we have no knowledge as to what the accusation against him was; neither are we in a position to determine as to whether or not the court erred in refusing to give appellant 24 hours in which to plead to the amended information.

In the case of *Smith v. State,* 4 Okla. Cr. 283, 111 Pac. 960, 140 Am. St. Rep. 688, this court said:

"According to the record in this case defendant did not know until the amendment was filed as to what transaction he would be called upon to defend. He had no time to prepare for trial, to consult his attorneys, or to summon witnesses. His request for a postponement of the case for 24

hours to enable him to prepare to meet the amended information was reasonable, and should have been allowed by the trial court."

In the case of *Kimbrell v. State*, 7 Okla Cr. 356,123 Pac. 1028, this court said that it was true that an information might be amended, "but if such amendment operates as -a surprise to a defendant reasonable time should be allowed him to prepare for trial."

The certificate of the trial judge is that the record before us contains all of the pleadings, etc., in the case. Therefore, upon the face of the record, appellant was tried without a written information, or in fact without any information at all, because the effect of the order permitting the filing of an amended information was to set aside the original information. It is true that we might possibly cure the defect arising from the absence from the record of the amended information by ordering an amendment to the record, but we are not satisfied with the manner in which this case was tried, especially in view of the fact that appellant received the maximum punishment, and there is nothing in the record indicating that he is a confirmed offender. While it is true that the county judge had the power to grant the county attorney permission to add the names of additional witnesses to the information, yet this power should not be exercised in an arbitrary manner. In all fairness and justice to the appellant the names of these witnesses should have been indorsed on the information, or he should have had notice that they would be used against him before the case was called for trial, and no reason is shown in the record why this was not done. We do not believe that it was the intention of the county judge and the county attorney in this case to take an unfair advantage of appellant, but if this kind of practice is encouraged it may result in great injustice. We have therefore decided to reverse this case, upon the ground that the amended information is not in the record, and we therefore have no means of knowing as to whether or not the court

abused its discretion in refusing to grant appellant time in which to plead to the amended information. And we desire to admonish all trial judges and county attorneys in Oklahoma that it is their duty to treat defendants with fairness and give them a reasonable opportunity to prepare to defend themselves. Such a thing as an ambuscade should never be permitted in a court of justice.

The judgment of the lower court is reversed, and the cause is remanded for a new trial.

ARMSTRONG, P. J., and DOYLE, J., concur.