MARTIN MASONER v. STATE.

No. A-2018. Opinion Filed September 5. 1914.

Appeal from County Court, Coal County;

P. E. Wilhelm, Judge.

Martin Masoner was convicted of selling intoxicating liquors, and appeals. Reversed.

Trice & Moore, for plaintiff in error.

PER CURIAM. Plaintiff in error was convicted at the April, 1913, term of the county court of Coal county on a charge of selling intoxicating liquor, and his punishment fixed at imprisonment in the county jail for a period of thirty days and a fine of fifty dollars. An indictment was returned by the grand jury of Coal county against the accused at the August term in 1911. On October 7, 1911, the county court of Coal county set aside the indictment and directed the county attorney to file an information against the accused. The information in due form was filed and when the case came on for trial at the March, 1912, term of said court the accused was tried on the indictment and not the information. When the trial court set aside the indictment the proceedings under the same ended there. The filing of the information would have superseded the indictment if it had not been set aside. This court held in Brown v. State, 5 Okla. Cr. 567, that the last pleading filed by the county attorney as a basis for the prosecution was the one upon which the proceedings had to stand. The accused having been tried on the indictment which had been set aside and which had also been superseded by the information, the judgment is a nullity. If this accused is to be tried he must be tried on the information. There appears to be little merit in the prosecution. The judgment is reversed and the cause remanded to the county court of Coal county.