[No. 2407-3. Division Three. October 17, 1978.]

THE STATE OF WASHINGTON, *Respondent*, v. TERRY A. KINARD, *Appellant*.

*Smith & Lambarth* and *Douglas D. Lambarth,* for appellant.

*Philip W. Borst, Prosecuting Attorney,* for respondent.

McINTURFF, J.—Terry A. Kinard appeals from convictions of possession of cocaine and second–degree assault.

Both charges arose out of a shooting incident on Interstate 90 in Lincoln County. While westbound on the highway, Mr. Kinard approached a slower–moving white Chevrolet in the outside lane. He attempted to pass it, but the driver accelerated, preventing Mr. Kinard from overtaking the Chevrolet. Soon both cars were racing. Mr. Kinard and his passenger claim the Chevrolet sideswiped his vehicle, running him off the highway and onto the shoulder. The driver of the Chevrolet and his passengers said the Kinard vehicle sideswiped them. In any event, Mr. Kinard's passenger took a pistol from his shaving kit and fired at the tires of the Chevrolet.

The other driver contacted a deputy sheriff via a citizens' band radio, and the Kinard vehicle was subsequently stopped, and Mr. Kinard and his passenger were taken into custody. Pursuant to the arrest, the officer searched the Kinard vehicle and seized a vial containing cocaine from a tan trench coat in the back seat. There were three trench coats there, two belonging to the passenger and one to Mr. Kinard.

On September 21, 1976, an information charging Mr. Kinard with first–degree assault was filed in Lincoln County. He entered his preliminary appearance on that date and on September 28, waived his right to a speedy trial under CrR 3.3 for that charge. On December 10, the

prosecuting attorney filed an amended information which alleged the illegal possession of cocaine, only. On March 1, 1977, Mr. Kinard moved for dismissal of the September 21, 1976, information containing the assault charge, because it had been superseded by the filing of the December 10 amended information. The motion was heard and denied and on March 3, 1977, Mr. Kinard was tried on both charges.

Mr. Kinard first contends that the court erred in refusing to dismiss the September 21, 1976, information containing the assault charge. He argues that the filing of the "amended information" charging possession of cocaine, only, supplanted the original information charging first–degree assault. The court denied his motion on the grounds no Washington case requires that result and that by the nature of the filings the second merely supplemented the first.

■ The December 10 information neither directly nor indirectly indicated it was charging an additional offense. On its face it was complete and its title "Amended Information," bolsters the conclusion it was intended to change the offense charged. We hold, and it has been uniformly held, that the filing of such an amended information constitutes an abandonment of the first information.[1] Two Washington cases arguably require the same result here. For example, in *State v. Navone*, 180 Wash. 121, 123–24, 39 P.2d 384 (1934), where the amended information changed only the age of a liquor purchaser, the court said:

> We find no merit in appellant's assignments of error based upon the filing of the second information and appellant's trial thereon. The second information was filed in the same proceeding as the first, and manifestly superseded the same. If the state should attempt to bring

---

[1]*Armstrong v. United States*, 16 F.2d 62 (9th Cir. 1926); *State v. Martin*, 2 Ariz. App. 510, 410 P.2d 132 (1966); *Wilcox v. State*, 248 So. 2d 692 (Fla. App. 1971); *Salazar v. State*, 85 N.M. 372, 512 P.2d 700 (1973); *Harris v. State*, 9 Okla. Crim. 658, 132 P. 1121 (1913); *Brown v. State*, 5 Okla. Crim. 567, 115 P. 615 (1911).

appellant to trial upon the first information, an appropriate remedy would doubtless be available to him.

(Italics ours.) *See also State v. Lindsey,* 187 Wash. 364, 369, 61 P.2d 293 (1936).

Under these circumstances, the court erred in failing to dismiss the first information. Because of our disposition of that charge we do not reach the question of whether the court erred in failing to instruct the jury on self–defense.

Mr. Kinard's next three assignments of error concern the drug charge. He first complains he was denied his right to speedy trial under CrR 3.3 on the cocaine charge because he was not tried within 90 days of his preliminary appearance on the assault charge. He relies on Section 2.2 of the ABA Standards Relating to Speedy Trial (Approved Draft, 1968), which provides in pertinent part:

> The time for trial should commence running, without demand by the defendant, as follows:
> (a) from the date the charge is filed, except that if the defendant has been continuously held in custody or on bail or recognizance until that date to answer for the same crime or a crime based on the same conduct or arising from the same criminal episode, then the time for trial should commence running from the date he was held to answer;

Mr. Kinard contends that since he was held to answer (on bail) on the assault charge beginning on September 21 (the date he entered a preliminary appearance on that charge), the trial time clock on the drug charge also began to run on that day because it was a crime arising from the same criminal episode.

■ While Section 2.2 of the ABA Standards has not been adopted by our court, *see State v. Striker,* 87 Wn.2d 870, 873, 557 P.2d 847 (1976), the policy expressed in the standard has been applied in *Striker, State v. Elizondo,* 85 Wn.2d 935, 540 P.2d 1370 (1975), and *State v. Parmele,* 87 Wn.2d 139, 550 P.2d 536 (1976). In those cases the court excluded from the 90–day pre–trial period those times the defendants were not being held to answer the charges against them. In all three instances the court turned to the

ABA Standards for guidance in resolving problems and filling gaps within the speedy trial rule.

Resort to the standards here requires that we affirm the court's denial of Mr. Kinard's motion to dismiss for lack of speedy trial. The commentary to Section 2.2 provides in pertinent part:

> The one important qualification in the standard is that the time is to be counted from the date the defendant was held to answer only if the offense later charged is "the same crime or a crime based on the same conduct or arising from the same criminal episode." . . . "Episode" means "an occurrence or connected series of occurrences and developments which may be viewed as distinctive and apart although part of a larger and more comprehensive series." Webster, *Third New International Dictionary* 765 (1961). This would cover the killing of several people with successive shots from a gun, . . . the successive burning of three pieces of property, . . . or such contemporaneous and related crimes as burglary and larceny, . . . or kidnapping and robbery, . . .

(Citations omitted.)

Under the circumstances of Mr. Kinard's arrest, the assault charge and the drug offense do not arise from the same criminal episode nor are they based on the same conduct. The drugs were found pursuant to a search incident to his arrest on the assault charge, but were unrelated to the assault. Since the "one important qualification" in the ABA held–to–answer standard and commentary requires a more substantial relationship between the offenses charged, there was no violation of CrR 3.3. Furthermore, it would have been unwise for the prosecutor to have charged the drug offense without verifying that the seized substance was cocaine. Here the drugs were sent to a laboratory for that determination; the results were received in mid–October, and the amended information charging possession of cocaine was filed within a reasonable time, *i.e.,* mid–December.

Mr. Kinard next contends he was denied due process because of the failure of sheriff's deputies to preserve the

tan trench coat from which the drugs were seized. He asserts that because of the difference in size and proportion between him and his passenger the existence of the trench coat was critical in proving that the cocaine was not his. He argues that *State v. Wright*, 87 Wn.2d 783, 557 P.2d 1 (1976), requires we reverse the drug conviction on the ground of destruction of material evidence favorable to him.

■ We disagree. There is nothing in the record to indicate the sheriff's officers destroyed the coat or permitted anyone else to do so. Nor is there anything to indicate that the coat was not, in fact, returned to Mr. Kinard or his passenger or left in their vehicle. The officer who took the vial from the coat testified he did not remove it from the vehicle. In addition, there was evidence of other cocaine in the Kinard car. Absent a showing that the officers destroyed or lost the coat, we do not reach the threshold for application of the "pragmatic balancing approach" of *State v. Wright, supra* at 793.

Mr. Kinard also contends the court erred in denying his motion to strike the testimony of the state's expert witness who testified the drugs found in Mr. Kinard's possession were cocaine. At trial Mr. Kinard moved to strike the expert's testimony because he did not bring into court his file concerning the analysis of the matter he determined was cocaine. He argues that, as a result, he was denied his rights to confront and cross-examine the witnesses against him. Again we disagree. Had Mr. Kinard desired to attack the witness' qualifications or object to his opinion on the grounds there was an inadequate foundation upon which to base the opinion, he could have done so through voir dire of the witness or during cross-examination. We find no error.

Finally, Mr. Kinard contends that an accumulation of errors made by the trial court deprived him of a fair trial. He cites as error (1) improper joinder of the assault and drug charges; (2) voir dire of the jurors in the presence of other jurors, and (3) an out-of-court conversation between the prosecutor and two jurors during a trial lunch break.

Assuming arguendo that all of the matters raised by Mr. Kinard were, indeed, error, we do not believe their cumulative effect was to deprive him of a fair trial.[2]

Judgment of the Superior Court is reversed in part and affirmed in part.

WILLIAMS and ROE, JJ., concur.

Reconsideration denied January 5, 1979.

Review denied by Supreme Court April 20, 1979.

---

[2]*See State v. Marks,* 71 Wn.2d 295, 301, 427 P.2d 1008 (1967); *State v. Badda,* 63 Wn.2d 176, 183, 385 P.2d 859 (1963); *State v. Swenson,* 62 Wn.2d 259, 276, 382 P.2d 614 (1963); *State v. Simmons,* 59 Wn.2d 381, 382, 368 P.2d 378 (1962).