[No. 18377-3-II.   Division Two.   September 20, 1996.]
THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM BRUCE OESTREICH, *Appellant.*

---

[25]*S.H.*, 75 Wn App. at 15-16.

[26]*See* RCW 2.06.040; CAR 14.

*Pattie Mhoon*, for appellant (appointed counsel for appeal).

*John W. Ladenburg, Prosecuting Attorney*, and *Thomas C. Roberts, Deputy*, for respondent.

MORGAN, J. — On September 22, 1993, the State filed an original information against William Bruce Oestreich.

In Count 1, it charged attempted first degree robbery. In Count 2, it charged first degree burglary.

On November 17, Oestreich appeared before the court with an offer to plead guilty to attempted first degree robbery only. The State filed an amended information charging only that crime, and the trial court accepted the offered plea.

On a date not shown in the record, Oestreich moved to withdraw his plea. On January 13, 1994, the trial court granted the motion. The State did not move to withdraw the amended information or reinstate the original information. Nor did it file a second amended information realleging the original two counts.

The record does not show how or when the case was reset for trial. It appears, however, that the case was reset for trial on both original counts.

On May 25, 1994, Oestreich appeared before the court with a second offer to plead guilty. The prosecutor stated the defendant was present "for a change of plea to one count of attempted robbery in the first degree and one count of burglary in the first degree."[1] Defense counsel stated that the defendant had reviewed and signed a written plea form. The plea form described both original counts and contained facts supporting both counts. In the course of questioning the defendant about the plea form, the trial court asked:

Q: What is your plea to attempted robbery in the first degree?

A: Guilty, sir.

Q: To burglary in the first degree?

A: Guilty.[2]

The court then accepted pleas to both crimes and sentenced for both crimes.

---

[1]Report of Proceedings at 2 (May 25, 1994).

[2]Report of Proceedings at 4 (May 25, 1994).

Oestreich now appeals his conviction for burglary. He does not dispute that the trial court acquired jurisdiction to adjudicate the burglary count when, on September 22, the State filed its original information charging both robbery and burglary.[3] He claims, however, that the trial court lost jurisdiction to adjudicate the burglary count when, on November 17, the State filed a first amended information charging robbery only. Accordingly, he says, his conviction for burglary must be vacated.

The general rule is that an amended information supersedes the original.[4] An exception exists, however, when a defendant procures the filing of an amended information in order to facilitate a plea bargain, but then fails to plead as agreed.[5] Thus, in *State v. Johansen*,[6] the original information charged second degree murder. On the second day of trial, the defendant offered to plead guilty to manslaughter. Responding to that offer, the prosecutor filed an amended information charging manslaughter. After the amended information was filed, the defendant declined to plead. The State then moved to withdraw the amended information, and the defendant resisted on grounds the amended information had superseded the original one. The trial court granted the motion, and the Supreme Court affirmed.

The circumstances in *Johansen* differ from the circumstances here in at least one respect. In *Johansen,* the prosecutor moved to withdraw the amended information. Here, the prosecutor neglected to do that.

Nonetheless, the record here shows that after Oestreich had successfully withdrawn his first plea, both parties acted in all respects as if the amended information had

---

[3]*See State v. Corrado*, 78 Wn. App. 612, 615, 898 P.2d 860 (1995).

[4]*State v. Navone*, 180 Wash. 121, 123-24, 39 P.2d 384 (1934); *State v. Kinard*, 21 Wn. App. 587, 589-90, 585 P.2d 836 (1978), *review denied*, 92 Wn.2d 1002 (1979); *see also State v. Lindsey*, 187 Wash. 364, 369, 61 P.2d 293 (1936), (quoting *Navone*, 180 Wash. at 123-24), *rev'd on other grounds*, 301 U.S. 397 (1937).

[5]*State v. Johansen*, 69 Wn.2d 187, 193-94, 417 P.2d 844 (1966).

[6]69 Wn.2d 187.

been withdrawn and the original information reinstated. There is no indication that either party objected when the trial court reset trial on both original counts. Just before the new trial date, Oestreich again offered to plead guilty, this time to *both* original counts. Before the second plea proceeding, Oestreich signed a plea form in which he expressly acknowledged the current existence of both original counts. During the second plea proceeding, Oestreich answered affirmatively when the court asked whether he was pleading to both original counts.[7] In short, the record clearly shows that before and during the second plea proceeding, both parties consistently treated the amended information as if it had been withdrawn, and the original information as if it had been reinstated. We think the trial court was entitled to do likewise, and that it did not err by accepting pleas to both original counts.

Nothing said herein is contrary to, or alters, *State v. Kinard*[8] or *State v. Corrado.*[9] In *Kinard,* the State filed an amended information solely for its own purposes; here, the State filed the amended information to facilitate a plea bargain in which the defendant was willingly participating. In *Corrado,* the State dismissed the original information and never filed another; here, the State left the original information in place while it proceeded to see if a plea bargain could be worked out by means of the amended information. We conclude the trial court did not err by convicting Oestreich for burglary as well as robbery.

Affirmed.

---

[7]Moreover, the trial court found that Oestreich was pleading knowingly, voluntarily, and intelligently to both original counts, and Oestreich does not contend otherwise, even on appeal.

[8]21 Wn. App. 587.

[9]78 Wn. App. 612.

SEINFELD, C.J., and HOUGHTON, J., concur.

Review denied at 131 Wn.2d 1009 (1997).