FILED
COURT OF APPEALS
DIVISION II
2015 MAR 24 AM 8: 33
STATE OF WASHINGTON
BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>        Respondent,<br><br>v.<br><br>TERRY L. SIMMONS,<br><br>        Appellant. | No. 45237-5-II<br><br><br>consolidated with<br><br><br>No. 45267-7-II |
| STATE OF WASHINGTON,<br><br>        Respondent,<br><br>v.<br><br>JOANNE M. SIMMONS,<br><br>       Appellant. | UNPUBLISHED OPINION |

Melnick, J. — Terry and Joanne Simmons (Simmonses) appeal the restitution amount the trial court imposed following their guilty pleas for two counts of animal cruelty in the second degree[1] to horses. The State originally charged the Simmonses with six counts of animal cruelty in the first degree[2] and two counts of animal cruelty in the second degree. After accepting the State's amended plea offer, the Simmonses pleaded guilty to the two second degree counts. The Simmonses argue that the trial court abused its discretion when it imposed restitution for costs connected to uncharged or dismissed crimes. The Simmonses contend that a trial court may not order such restitution absent their agreement. Because the Simmonses did not agree to pay restitution for the cost of care for all the horses associated with the original animal cruelty charges,

---

[1] RCW 16.52.207

[2] RCW 16.52.205

the trial court erred by ordering them to pay restitution for the cost of caring for all the horses. We reverse the portion of the trial court's restitution orders that awards restitution for the horses not subject of the pleas, and we remand for modification of the restitution order to provide for an award of restitution against the Simmonses for the costs associated with the horses subject to the pleas.

## FACTS

The State charged the Simmonses with six counts of animal cruelty in the first degree and two counts of animal cruelty in the second degree for failure to properly care for eight horses. During plea negotiations, the State offered to drop some of the charges if the Simmonses agreed to "pay all costs by private or other public entities associated with [the] investigation of all the animals in this case, counts charged or uncharged, including but not limited to the animals' care, euthanization, boarding or adoption and all veterinary costs." Report of Proceedings (RP) at 20. The Simmonses rejected this offer. Shortly before trial began, the State filed amended informations charging both Simmonses with two counts of animal cruelty in the second degree, one for "horse 704," and one for "horse 706." Clerk's Papers (CP) at 19, 20, 42, 43.

On February 1, 2013, the Simmonses appeared and each entered guilty pleas to two counts of animal cruelty in the second degree. The "Statement[s] of Defendant on Plea of Guilty" included the following statement made by each defendant: "On 9-24-12 in Lewis County I neglected some of my horses which caused unnecessary physical pain." CP at 24, 47. Each guilty plea statement also included a sentencing recommendation, written by the prosecutor, which included "cost of care/boarding of animals [and] vet expenses TBD." CP at 22, 45. The Simmonses each acknowledged awareness of the prosecutor's sentencing recommendation at the hearing.

2

On July 26, 2013, the Simmonses appeared for a restitution hearing. At this hearing, the trial court inquired whether the parties reached an agreement as to restitution. The Simmonses argued they did not agree to pay restitution for all eight horses. They argued that they rejected the State's original offer, which included restitution for all the horses, and accepted the State's "new offer," which did not mention restitution, to plead guilty to the two misdemeanor counts. RP at 21. The State argued that it did not provide a new offer, but instead amended the previous offer only as to the charges to which the Simmonses would plead guilty.

The trial court then imposed restitution in the amount of $20,589.42 for the care of all eight horses, as the State requested. It ruled:

> THE COURT: All right. I'm going to order the whole amount. . . .
>
> These individuals, I don't know them, I don't know what happened here, they caused the damage. Somebody is paying for it, and it won't be the people that take these damaged animals in.
>
> And I get there from saying, look, this may be ambiguous, but there is little question in my mind that what was meant was restitution for all of them, and I just can't get by that. And also the overlay of reading restitution statutes liberally in favor of the victims—that's an unfortunate term here—is what I'm supposed to do, and that's what I'm going to do.

RP at 28-29. The Simmonses both appealed, and we consolidated their appeals.

## ANALYSIS

### I. STANDARD OF REVIEW

A trial court's authority to impose restitution is statutory. *State v. Deskins*, 180 Wn.2d 68, 81, 322 P.3d 780 (2014); RCW 16.52.200(6). When restitution is authorized by statute, we review the imposition and amount of restitution for an abuse of discretion. *State v. Davison*, 116 Wn.2d 917, 919, 809 P.2d 1374 (1991). We must determine whether substantial evidence supports the trial court's findings that the Simmonses agreed to pay restitution for uncharged and dismissed

3

counts. We hold that insufficient evidence exists to support a finding that the Simmonses so agreed.

## II. RESTITUTION PRINCIPLES

### A. Statutory Authority

As a preliminary matter, the parties here cite to RCW 9.94A.753(5) as the statute under which the trial court exercised its authority to impose restitution in this case. This restitution statute of the Sentencing Reform Act (SRA) applies only to felonies. *Deskins*, 180 Wn.2d at 78; *State v. Marks*, 95 Wn. App. 537, 539, 977 P.2d 606 (1999). The Simmonses were convicted of misdemeanor animal cruelty, therefore, the felony restitution statute does not apply.

Restitution in animal cruelty cases is governed by a specific statute. It provides:

> In addition to fines and court costs, the defendant, only if convicted or in agreement, shall be liable for reasonable costs incurred pursuant to this chapter by law enforcement agencies, animal care and control agencies, or authorized private or public entities involved with the care of the animals. Reasonable costs include expenses of the investigation, and the animal's care, euthanization, or adoption.

RCW 16.52.200(6).

### B. Restitution for Other Uncharged Offenses by Agreement

As a general principle in criminal cases, restitution must be based on a causal connection between the crime and the damages. *State v. Griffith*, 164 Wn.2d 960, 965, 195 P.3d 506 (2008) (construing RCW 9.94A.753, worded similarly to RCW 16.52.200(6)). A causal connection exists when, "but for" the offense committed, the loss or damages would not have occurred. *Griffith*, 164 Wn.2d at 966. "[R]estitution cannot be imposed based on a defendant's 'general scheme' or acts 'connected with' the crime charged, when those acts are not part of the charge." *State v. Dauenhauer*, 103 Wn. App. 373, 378, 12 P.3d 661 (2000). A trial court generally may order restitution for only losses incurred as a result of the precise offense for which the defendant is

convicted. *State v. Miszak*, 69 Wn. App. 426, 428, 848 P.2d 1329 (1993). However, RCW 16.52.200(6) provides an exception to this general principle when the defendant agrees to liability for animal care costs.

### 1. The Restitution Statute is Clear

RCW 16.52.200(6) provides that a defendant is liable for animal care costs outside of conviction "only if . . . in agreement." Statutes are interpreted to give effect to all language in the statute and to render no portion meaningless or superfluous. *State v. J.P.*, 149 Wn.2d 444, 450, 69 P.3d 318 (2003). We give effect to the statute's plain language when it can be determined from the text. *State v. Evans*, 177 Wn.2d 186, 192, 298 P.3d 724 (2013). We give undefined terms their plain and ordinary meaning unless a contrary legislative intent is indicated. *State v. Ervin*, 169 Wn.2d 815, 820, 239 P.3d 354 (2010).

Here, the plain language of RCW 16.52.200(6) makes clear that an agreement between the defendant and the state is required to allow the trial court the authority to impose restitution beyond the convictions. The trial court had authority to impose restitution for the cost of care of all eight horses only if the Simmonses had an agreement with the State to pay.

### 2. Analogy with Other Restitution Statutes

Similar language from the felony restitution statute is instructive here. Interpreting the agreement required by RCW 9.94A.753(5),[3] our courts have held that the trial court may not

---

[3] "Restitution shall be ordered whenever the offender is convicted of an offense which results in injury to any person or damage to or loss of property. . . . In addition, restitution shall be ordered to pay for an injury, loss, or damage if the offender pleads guilty to a lesser offense or fewer offenses and agrees with the prosecutor's recommendation that the offender be required to pay restitution to a victim of an offense or offenses which are not prosecuted pursuant to a plea agreement."

impose restitution "beyond the crime charged or for other uncharged offenses absent a guilty plea with an *express* agreement as part of that process to pay restitution for crimes for which the defendant was not convicted." *Dauenhauer*, 103 Wn. App. at 378 (construing RCW 9.94A.753(5)) (emphasis added). We "must vacate the restitution order if the defendant did not make a specific agreement to pay when pleading guilty." *State v. Osborne*, 140 Wn. App. 38, 42, 163 P.3d 799 (2007) (construing RCW 9.94A.753(5)).

III.    NO AGREEMENT

In this case, the Simmonses pleaded guilty to two counts of second degree animal cruelty related to horses 704 and 706. These crimes are not attributable to the cost of care of the other six horses. Therefore, restitution for the care of horses outside of those subject to the guilty pleas is properly ordered only if the Simmonses entered into an agreement to make such restitution as part of the plea bargain process. RCW 16.52.200(6).

At the restitution hearing, the Simmonses objected to the imposition of $20,589.42 restitution for care of all eight horses subject to the original charges because they did not agree to restitution for other uncharged offenses in exchange for guilty pleas. In the guilty plea statements in this case, the Simmonses each state they neglected "some" of their horses. CP at 24, 47. Use of the word "some" is ambiguous as to whether the Simmonses were referring to all eight horses or only horses 704 and 706 enumerated in the animal cruelty charges to which they pleaded guilty. Also, each guilty plea statement includes a sentencing recommendation, written by the prosecutor, which includes "cost of care/boarding of animals [and] vet expenses TBD." CP at 22, 45. The trial court found that this language was ambiguous. *See State v. Hinds*, 85 Wn. App. 474, 486, 936 P.2d 1135 (1997) (appellate court may resort to the trial court's oral decision to interpret findings as long as no inconsistency with written findings.) Thus, substantial evidence does not

6

exist to support the finding of fact that the Simmonses agreed to pay restitution for the cost of care for all the horses.

Additionally, no written plea agreement exists in the record. Absence of a formal plea agreement is relevant to determining whether the Simmonses agreed on restitution. *See Miszak*, 69 Wn. App. at 429. The State argues that the Simmonses agreed to pay for restitution for all animals in exchange for pleading to misdemeanors rather than felonies. But the record does not support this argument. The trial court relied on a colloquy with the prosecutor and defense attorney in which each informed the court of his conflicting understandings of the plea agreement.[4] The parties each referred to letters exchanged, but the trial court did not review the letters and they are not included in the record on appeal. Neither the State nor the Simmonses' defense attorney submitted affidavits or declarations regarding negotiations.

In reaching its decision, the trial court relied only on the attorneys' responses to inquiries regarding their understanding of the negotiation process and agreement reached. The trial court could not find that the Simmonses agreed to restitution for all the horses because the parties did not agree on the outcome of negotiations and the Simmonses objected to the restitution order at the hearing. *See State v. Fleming*, 75 Wn. App. 270, 277, 877 P.2d 243 (1994) (despite less than clear language in guilty plea statement, defendant agreed to pay restitution for uncharged theft by subsequently admitting to the uncharged loss at the restitution hearing, arguing to the trial court that the only disputed issue was the value of other items, and failing to object to the prosecutor's

---

[4] We note that the State said it made an amended offer to the Simmonses. "The general rule is that an amended pleading supersedes the original." *State v. Oestreich*, 83 Wn. App. 648, 651, 922 P.2d 1369 (1996). And under contract law, an offer is terminated when the offeree rejects it. *Minneapolis & St. L. Ry. Co. v. Columbus Rolling-Mill Co.*, 119 U.S. 149, 151, 7 S. Ct. 168, 30 L. Ed. 376 (1886).

7

request for the uncharged restitution until appeal).  Based on these facts, the trial court could not have found an agreement.

The trial court abused its discretion by ordering restitution for damages that were not encompassed in the guilty pleas.   We reverse the portion of the trial court's restitution orders that awards restitution for the horses not subject of the pleas, and we remand for modification of the restitution order to provide for an award of restitution against the Simmonses for the costs associated with the horses subject to the pleas.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Melnick, J.

We concur:

Worswick, J.

Bjorgen, A.C.J.