IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 37828-4-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| DAVID EDGAR WEIMER, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — David Weimer entered a guilty plea pursuant to a favorable plea agreement that substantially reduced his projected sentencing range. After sentencing, Mr. Weimer discovered that, given the nature of his conviction, his maximum potential for early release was lower than he had understood. Mr. Weimer subsequently filed a motion for relief from judgment under CrR 7.8(b), arguing his plea was predicated on a material mistake of law. As a remedy, Mr. Weimer did not seek to withdraw his plea. He instead argued his sentence should be modified downward to account for the lost possibility of earned release time.

We agree with the trial court that Mr. Weimer has not asserted a viable claim for relief under CrR 7.8(b). Mistakes and remedies go hand-in-hand. When a mistake pertains to a guilty plea, the remedy must be specific to the plea. Typically this means withdrawal of the plea, though sometimes the defendant may be eligible for specific performance of a

plea agreement. A mistake in a plea does not entitle a defendant to revisit an otherwise lawful sentence. Because Mr. Weimer has expressly declined the opportunity to revisit his plea, he is not entitled to relief under CrR 7.8(b).

## FACTS

In 2019, the State charged David Weimer with one count of attempted first degree murder and one count of first degree arson after he tried to burn down the home of his former fiancé while she was inside sleeping. Following plea negotiations, Mr. Weimer pleaded guilty to the lesser charge of one count of attempted first degree assault, one count of first degree arson, and one count of harassment. The plea agreement specified the prosecutor would recommend a high-end sentence of 120 months. The trial court accepted the plea and subsequently sentenced Mr. Weimer to 120 months' incarceration.[1]

Approximately six months after sentencing, defense counsel realized Mr. Weimer was eligible for only one-tenth earned early release, not one-third as had been counsel's previous understanding. Defense counsel shared this information with Mr. Weimer and he subsequently moved in the trial court under CrR 7.8(b)(1) to modify his sentence to 100 months. Mr. Weimer argued the parties had committed a mutual mistake regarding

---

[1] At the time of sentencing, the parties jointly recommended a sentence of 120 months.

his eligibility for early release and he had been misinformed of the sentencing

consequences of his plea. The court denied his motion, finding earned early release had

not been part of the plea negotiations and that the only potential remedy would be a

motion to withdraw his guilty plea. The court entered findings of fact and conclusions of

law reflecting its oral ruling.

Mr. Weimer timely appeals.

## ANALYSIS

CrR 7.8(b)(1) provides superior courts with authority to relieve a party from final

judgment based on "[m]istakes, inadvertence, surprise, excusable neglect or irregularity in

obtaining a judgment or order." We review trial court's CrR 7.8(b) decision for abuse of

discretion. *State v. Hardesty*, 129 Wn.2d 303, 317, 915 P.2d 1080 (1996). Mr. Weimer

argues the trial court abused its discretion by committing a series of legal and factual

errors. But the core question is whether Mr. Weimer has presented a plausible basis under

CrR 7.8(b)(1) for relief from judgment. The answer is no.

Assessing whether a final judgment has been influenced by some sort of mistake

requires discerning the type of mistake alleged. This is because the nature of the mistake

dictates the scope of possible remedies. If the mistake was made by the defendant in

entering a plea, the remedy is plea withdrawal. CrR 4.2(f), CrR 7.8(b)(1). If both

3

parties have made a mistake in entering a plea agreement, the remedies are either plea withdrawal or specific performance, so long as specific performance would not be prohibited by law. *State v. Barber*, 170 Wn.2d 854, 873, 248 P.3d 494 (2011).[2] If a mistake occurs at sentencing, the remedy is a new sentencing hearing. *See, e.g.*, *State v. Smith*, 159 Wn. App. 694, 701, 247 P.3d 775 (2011).[3]

The mistake alleged by Mr. Weimer pertained to his plea.[4] As a result, his potential remedies are limited. Mr. Weimer has explicitly rejected the possibility of withdrawing his plea. He also does not claim a right to specific performance. Indeed, specific performance is not a potentially available remedy in this case, given neither the court

---

[2] *Barber* stated that the only "possible" remedies that have been recognized for an involuntary plea are "withdrawal of the plea or specific performance of the plea agreement." 170 Wn.2d at 855. *Barber* went on to hold that the remedy of specific performance is limited "to the situation in which the State breaches its promise to make a specific charging decision or recommendation to the sentencing court." *Id.* at 874. After *Barber* it is clear that specific performance is not warranted where the parties to a plea agreement have made a mutual mistake that would result in an illegal sentence. *Id.* But it is unclear after *Barber* whether specific performance could be an available remedy for mutual mistake in a plea agreement if the mistake would not render the defendant's sentence illegal. For purposes of this opinion, we assume *Berber* left this possibility open.

[3] Mr. Weimer has pointed to no prior cases indicating that a mistaken plea will justify resentencing or modification of sentence. When a party cites no authority in support of a proposition, we may assume none exists. *DeHeer v. Seattle Post-Intelligencer*, 60 Wn.2d 122, 126, 372 P.2d 193 (1962).

[4] We note that convicted persons are not entitled to rely on a certain percentage of early release time. RCW 9.94A.7281; *In re Pers. Restraint of Pullman*, 167 Wn.2d 205, 214, 218 P.3d 913 (2009).

nor the parties are empowered to modify the statutory standards for early release time. *See* RCW 9.94A.729; s*ee also Barber*, 170 Wn.2d at 873. Without a request for plea withdrawal or the potential for specific performance, Mr. Weimer has not identified an available remedy for his complaints about his plea.

This is not a case where a mistake occurred at sentencing. There is no indication the trial court's sentencing decision was influenced by Mr. Weimer's eligibility for earned release time. This case is unlike *Smith* where assumptions about the availability of a partial confinement program impacted the trial court's sentencing decision. *Smith*, 159 Wn. App. at 701. Eligibility for early release may have been important to Mr. Weimer in negotiating his plea, but there is no indication the trial court shared this concern. Nor is there any indication the trial court chose Mr. Weimer's 120-month sentence based on the assumption he would be eligible for up to a one-third early release reduction.[5] Finally, there is no indication that the State knew that Mr. Weimer based his plea on this assumption.

---

[5] Given the lack of any statutory guarantees regarding earned release time, speculation about a defendant's potential for early release is generally an inadvisable basis for a trial court's sentencing decision and may be improper. *See State v. Wakefield*, 130 Wn.2d 464, 478, 925 P.2d 183 (1996) ("'The framework of the SRA [Sentencing Reform Act of 1981], [chapter 9.94 RCW] indicates that earned early release time is to be considered only after the offender has begun serving his sentence.'") (*quoting State v. Fisher*, 108 Wn.2d 419, 429 n.6, 739 P.2d 683 (1987) (some alteration in original).

Even if Mr. Weimer had shown a mistake at sentencing, his remedy would be resentencing, not modification of the sentence to a specific term of incarceration. At resentencing, Mr. Weimer's range would have remained 80 to 120 months. Nothing would have required the trial court to sentence Mr. Weimer to 100 months.

Mr. Weimer has a potential remedy for his claim that his guilty plea was based on a mistake of law—withdrawal of the plea. However, withdrawal of the plea would relieve the State of its obligations under the plea agreement and enable it to reinstate the original charge of attempted first degree murder. *See In re Pers. Restraint of Swagerty*, 186 Wn.2d 801, 811, 383 P.3d 454 (2016); *State v. Oestreich*, 83 Wn. App. 648, 651, 922 P.2d 1369 (1996). Had Mr. Weimer been convicted of attempted first degree murder, it appears his sentencing range would have more than doubled.[6] Mr. Weimer likely does not want to take the risk of facing this sentencing range. But this is the type of hard decision that must be made when a defendant seeks to remedy an invalid plea. Our case law recognizes no more than two available remedies for an invalid plea, withdrawal and specific performance. *Barber*, 170 Wn.2d at 855. There is no additional option that would allow Mr. Weimer to effectively amend his plea agreement's sentencing recommendation

---

[6] The State represents that had Mr. Weimer been convicted as originally charged, his sentencing range would be "203.25 months to 270.75 months." Br. of Resp't at 28.

and tie the courts hands in order to meet his subjective expectations of the consequences of his plea.

The trial court appropriately recognized the only remedy available to Mr. Weimer was to withdraw his plea. Because Mr. Weimer insisted he did not want to withdraw his plea, the court appropriately exercised its discretion under CrR 7.8(b) to deny Mr. Weimer's motion.

## CONCLUSION

The order denying Mr. Weimer's motion to modify his sentence is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____
Siddoway, C.J.

_____
Fearing, J.

7